# Prudential Property and Casualty Insurance Company v. Hasson

C.P. of Delaware County, no. 98-15206.

*Susan Boyer,* for plaintiff.
*William E. Averona,* for defendants.

BRADLEY, *J.,* January 29, 2001—Defendants appeal from the judgment entered in favor of plaintiff in this declaratory judgment action. The reason for our determination that the court has subject matter jurisdiction over the controversy and that defendant, Shirley Hasson, is not entitled to coverage for uninsured motorist benefits are set forth in the adjudication entered on the docket on November 6, 2000. A copy of the adjudication is attached.

## ADJUDICATION

BRADLEY, *J.,* November 2, 2000—

### Statement of the Issue

(1) Does the court have subject matter jurisdiction over this action for declaratory judgment?

(2) Is defendant, Shirley Hasson, entitled to coverage for uninsured motorist benefits pursuant to the express

terms and definitions set forth in the applicable policy of insurance?

## Findings of Fact

(1) Defendants Shirley Hasson and Arthur E. Hasson, II, are husband and wife, residing at 2514 Franklin Avenue, Broomall, Delaware County, Pennsylvania.

(2) This matter involves a claim for uninsured motorist benefits arising out of a motor vehicle accident on December 18, 1997 in which Shirley Hasson was injured.

(3) At the time of the accident, Shirley Hasson was driving a 1994 Mazda Protégé which she purchased in 1994. Her ownership of the Mazda is undisputed.

(4) The Mazda is the vehicle she used primarily. Her mother, Janice Yedenock, occasionally drove it. (Hasson deposition, pp. 29-31.)

(5) The Mazda was insured under a policy of insurance maintained by Mrs. Hasson's mother, Janice Yedenock, through Keystone Insurance Company.

(6) At the time of the accident, Mrs. Hasson's mother resided at 170 Old State Road in Berwyn.

(7) The Keystone policy did not provide uninsured motorist benefits.

(8) Mrs. Hasson had some knowledge of the Keystone policy as evidenced by her phone call on January 24, 1994 to a Keystone representative, Carol A. Starr, indicating that Hasson called her demanding the same coverages as before.

(9) At the time of the accident, Hasson and her husband maintained a policy of insurance through Prudential Property and Casualty Insurance Company (PRU-

PAC) for their 1996 Dodge Stratus and their 1988 Dodge Shadow at their address at 2514 Franklin Avenue in Broomall. The PRUPAC policy was issued to her husband and outlines that a spouse is an insured when a resident of "your" household. (PRUPAC car policy, parts 1, 2 & 3.)

(10) Defendants have admitted that policy no. 282A941505 was in effect at the time of the accident. (Paragraph 5 of plaintiff's complaint and defendants reply thereto.)

(11) The Hassons sought no coverage from and paid no premiums to PRUPAC for coverages for Mrs. Hasson's Mazda.

(12) PRUPAC policy no. 282A941505 contains an arbitration clause which states:

"We, PRUPAC, will not arbitrate questions of coverage or law as to whether a person making a claim is covered under the policy or is excluded under the policy. All disputes affecting the scope of the coverage, the amount of coverage, a person's right or eligibility to make a claim, or the insured's selection of coverage, will be determined by the court in the county where the insured lives at the same time the demand for arbitration is made; or a federal district court where jurisdiction includes the county were the insured lives. "(Prudential car policy, part V at p.10; Pac-190/PA, Ed. 7/94.)

(13) PRUPAC has denied defendants' claim based on the following exclusion in the policy:

"We will not pay for bodily injury to anyone occupying or struck by a motor vehicle owned or leased by you or a household resident which is not insured under this

policy." (Prudential car policy, part 4, uninsured motorist at p. 3.)

## Conclusions of Law

(1) The arbitration clause is valid, unambiguous, enforceable and not against public policy.

(2) Even though Shirley Hasson is an insured under the PRUPAC policy, she is not entitled to demand arbitration on account of the specific language, altogether clear and unambiguous, reserving questions of coverage and/or a person's eligibility to make a claim for the court.

(3) This court has subject matter jurisdiction over this declaratory judgment action pursuant to the arbitration clause.

(4) The exclusion clause is valid, unambiguous, enforceable and not against public policy.

(5) Defendant Shirley Hasson is not entitled to UM coverage pursuant to the express terms of the policy, excluding from coverage bodily injury to anyone occupying a motor vehicle owned by a household resident which is not covered under this policy.

## Discussion

The threshold issue to be addressed is whether the court has subject matter jurisdiction over this action for declaratory judgment. It is defendant's position that the issue of coverage for UM benefits should be submitted to arbitration and not decided by the court. Defendants premise this argument on the holding in *Borgia v. Prudential Insurance Company,* 561 Pa. 434, 750 A.2d 843 (2000).

In *Borgia,* an automobile driven by Carmen Borgia Jr. was involved in an accident with another vehicle. Borgia obtained the policy limits covering that other vehicle. Having waived UIM coverage under his own State Farm policy, Borgia attempted to recover UIM benefits under the policy of insurance covering his father's automobiles (with whom he was living at the time) issued by Prudential. Prudential filed an action for declaratory judgment, seeking an order that Borgia was not a "covered person" under the language of the Prudential policy, and therefore was not entitled to compel arbitration.

The then existing Prudential policy language read as follows:

"If we (Prudential) and a covered person disagree on policy coverages or amounts payable, either party may make a written demand for arbitration."

After a somewhat lengthy procedural history, the Supreme Court agreed to review the limited issue of whether Borgia was a "covered person" should have been submitted to arbitration. The Supreme Court answered in the affirmative.

Defendants reliance on *Borgia* is misplaced. First, the arbitration clause in the policy issued to the Hassons is entirely different from the arbitration clause in the *Borgia* case. The arbitration clause herein reads:

"We, PRUPAC, will not arbitrate questions of coverage or law as to whether a person making a claim is covered under the policy, or is excluded under the policy. All disputes affecting the scope of coverage, the amount of coverage, a person's right or eligibility to make a claim, or the insured's selection of coverage, will be determined

by the court in the county where the insured lives at the time the demand for arbitration is made . . . ." (Prudential car policy, part V at p. 10; PAC-190/PA, Ed. 7/94.)

The above language is clear and unambiguous in reserving questions of coverage and/or a person's eligibility to make a claim for the court.

The relevant inquiry in *Borgia* was whether Borgia, as a resident relative of his father's household who owned his own car covered under a separate State Farm policy, was entitled to enforce the arbitration clause. That is, whether Borgia's claim to the status of a "covered person" who may demand arbitration was, in itself, arbitrable. The *Borgia* court found that the arbitration clause was ambiguous on the issue as to whether Borgia was a covered person under the policy entitled to invoke arbitration. The term "covered person" was not defined in the policy. The court interpreting the ambiguity against the drafter-Prudential, construed the scope of arbitration broadly, with the end result being that whether Borgia was a "covered person" within the meaning of the policy was an issue to be decided by arbitrators.

The PRUPAC policy, before the court in the instant matter, has eliminated that ambiguity by deleting the term, "covered person" and replacing it with the term "insured." The applicable provision now reads as follows:

"If we and an insured do not agree . . . either party may make a written demand for arbitration."

Even though Shirley Hasson is an insured under the PRUPAC policy, she is nevertheless not entitled to demand arbitration on account of the specific language re-

serving questions of coverage and/or a person's eligibility to make a claim for the court. Thus, the court has subject matter over this declaratory judgment action.

The next question to be addressed is whether defendant is entitled to coverage for UM benefits pursuant to her policy. The undisputed facts place Mrs. Hasson squarely within the policy exclusion applicable to vehicles owned by a household resident but not insured under the PRUPAC policy. Defendant's reliance on *Burstein v. Prudential Property and Casualty Insurance Co.,* 742 A.2d 684 (Pa. Super. 1999), *appeal granted,* 563 Pa. 670, 759 A.2d 919 (2000) is simply unavailing. The *Burstein* court addressed the "regularly used non-owned" motor vehicle exclusion in rendering its decision. In *Burstein,* plaintiff used a company-owned vehicle primarily for business purposes although she was permitted to drive it for personal use. Her employer did not notify her of the types of insurance coverage he had purchased for the vehicle nor was she given the option to change such insurance coverage. Plaintiff had purchased UIM coverage on vehicles she owned. After an accident with a motorcyclist, she recovered from the negligent motorcyclist's insurance claim. When the motorcyclist's insurance policy proved inadequate, plaintiff filed a claim for UIM coverage under her employer's policy. When informed, her employer did not have UIM coverage, she filed a claim for UIM benefits under her personal policy. This claim was denied based on a policy exclusion for a "regularly used non-owned car" not insured under this policy. A panel of arbitrators found the exclusion violated public policy, this was affirmed by the trial court and an appeal followed.

The Superior Court concluded that the "regularly used non-owned car" exclusion was void as against public policy. Of particular importance to the Superior Court in reaching this conclusion was the fact that plaintiff had done all she could to have UIM coverage. She carried it on her three personal vehicles but could not influence, and indeed did not know, her employer's decision not to have it on the company car.

In juxtaposition to the facts of *Burstein* are the facts in the instant case. Mrs. Hasson owned the vehicle in question and could have paid for UM coverage on it. She chose not to. Additionally, she had some knowledge of the existing coverage on the Mazda and presumably could have influenced her mother's decision on what coverages to place on the Mazda. These factual differences between *Burstein* and the matter sub judice mandate our determination that the "household vehicle" exclusion found in the instant case is valid, enforceable and not void as against public policy.

### ORDER

And now, to wit, November 2, 2000, after hearing, submission of legal memoranda, and a legal determination that the court has subject matter jurisdiction over this controversy, it is hereby ordered and decreed that defendant, Shirley Hasson, is not entitled to coverage for uninsured motorist benefits pursuant to the express terms and definitions set forth in the applicable policy of insurance. A declaratory judgment in favor of plaintiff is granted.