MUNICIPAL AUTHORITY OF
HAZLE TOWNSHIP,

v.

James LAGANA.

Municipal Authority of
Hazle Township,

v.

Lagana Enterprises, Inc.

Municipal Authority of
Hazle Township,

v.

James Lagana and Lagana
Enterprises, Inc.

James Lagana,

v.

Municipal Authority of
Hazle Township.

Appeal of James Lagana and
Lagana Enterprises, Inc.

Commonwealth Court of Pennsylvania.

Argued March 30, 2004.

Decided May 3, 2004.

Reargument Denied June 25, 2004.

---

Arthur L. Piccone, Kingston, for appellant.

Pasco L. Schiavo, Hazleton, for appellee.

BEFORE: FRIEDMAN, J., and COHN, J., and McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

James Lagana and Lagana Enterprises, Inc. (collectively Lagana) appeal from the May 30, 2003, order of the Court of Common Pleas of Luzerne County (trial court), in which the trial court entered judgment in favor of the Municipal Authority of Hazle Township (Authority) and against Lagana for sewage connection and tap-in fees and for unpaid service charges.

On July 1, 1999, the Authority completed construction of a collection and transmission sanitary sewerage system. Lagana immediately connected its facilities to the system and has utilized the system since that time. (Findings of Fact, No. 6.) However, Lagana contested the connection and tapping fees and the quarter annual service charges established by the Authority.[1]

---

1. Although contesting the service charges, Lagana paid all of them except those imposed upon the Holly–Lynn Mobile Home Village (Holly–Lynn). (Findings of Fact, Nos. 8–9.)

In addition, Lagana paid the Authority $60,000 towards tapping fees pursuant to a stipulation. (Findings of Fact, No. 28.)

In October 2002, Schumacher Engineering (Schumacher) prepared a cost study for the Authority. Schumacher determined that the basic equivalent dwelling unit (EDU), or the billable unit for purposes of determining connection and tap-in fees and quarter annual service charges, is 250 gallons of sanitary sewage per day.[2] (Findings of Fact, No. 12.) Around the same time, a CPA hired by the Authority determined that the Authority's cost of maintaining and operating the system was $60,082.00 per year. (Findings of Fact, No. 18.)

On October 24, 2002, based on the Schumacher study, the Authority passed a resolution setting connection and tapping fees for persons like Lagana who had not yet paid such fees. (Findings of Fact, No. 13.) Based on the CPA's determination, the Authority set the quarter annual services charges. (Findings of Fact, No. 20.)

■ Lagana filed a declaratory judgment action with the trial court seeking an order declaring the tap-in fees unreasonable and lacking in uniformity. The Authority filed a counter-claim against Lagana for unpaid fees and charges. The Authority later filed an action in equity and a civil action at law against Lagana for unpaid fees and service charges. The trial court consolidated the actions, and,

after a two-day bench trial, found in favor of the Authority.[3] Lagana now appeals to this court.[4]

As a preliminary matter, the Authority argues that this court should dismiss Lagana's appeal because Lagana failed to preserve any issues by filing a motion for post-trial relief under Pa. R.C.P. No. 227.1. We agree.

■ The cases involved here included a declaratory judgment action, an action in equity and a civil action at law. The "*Note*" to Pa. R.C.P. No. 1501, which governs actions in equity, states that Pa. R.C.P. Nos. 201 to 250 apply to all actions at law and in equity. Thus, Pa. R.C.P. No. 227.1 applies in civil actions at law and in actions in equity. In fact, the "Explanatory Comment—1983" to Pa. R.C.P. No. 227.1 specifically states that a party who seeks post-trial relief in an action at law or in equity must file a motion for post-trial relief. Moreover, the rule itself states that grounds for relief not specified in a post-trial motion are deemed waived on appellate review. Pa. R.C.P. No. 227.1(b)(2).

■ In *Chalkey v. Roush,* 569 Pa. 462, 805 A.2d 491 (2002), a case involving an action in equity, our supreme court stated that Pa. R.C.P. No. 227.1 was in-

---

**2.** Schumacher divided the 250 gallon per day average into 345,600 gallons, the system's daily capacity, obtaining 1,382 EDUs. Schumacher then divided $1,055,338.58, the cost of the system's *capacity,* by 1,382 EDUs to obtain a charge per EDU of $763.63. Schumacher divided $752,044.93, the cost of the system's *collection* facilities, by 1,382 EDUs to obtain a charge per EDU of $869.36. Adding the EDU charges for capacity and collection, Schumacher came up with a figure of $1,632.99 per EDU, plus $1,120.00 for the actual physical connection of an EDU. (Findings of Fact, No. 15.)

**3.** The trial court's May 30, 2003, order entered judgment against Lagana in varying

amounts for connection fees, tapping fees, service charges and interest. The order also directed the prothonotary to enter the opinion and order in the judgments of record.

**4.** Our review of a trial court decision as to whether a municipal authority's utility rate is reasonable under the Municipality Authorities Act, 53 Pa.C.S. §§ 5601–5622, is limited to determining whether factual findings are supported by substantial evidence and whether the law was properly applied to the facts. *Western Clinton County Municipal Authority v. Estate of Rosamilia,* 826 A.2d 52 (Pa.Cmwlth. 2003).

tended to establish a standard post-trial practice that applies to *both* actions at law *and* actions in equity. Thus, a party must file post-trial motions at the conclusion of a trial in *any* type of action in order to preserve issues for appeal. *Id.* Even if the trial court fails to enter a proper decree nisi in an action in equity, a party is not excused from filing a post-trial motion to preserve issues for appeal. *Id.* The court stated, "With this unequivocal rule, there is no danger that parties will be confused as to whether they should file post-trial motions or proceed directly to an appeal from an order entered by a trial court in an action in equity." *Id.* at 470, 805 A.2d at 496 (footnote omitted).

■ With respect to declaratory judgment actions, our supreme court has held that, although the Declaratory Judgments Act states that orders declaring a party's rights have the force and effect of a *final* judgment or decree,[5] such language should not be interpreted to undermine our supreme court's uniform procedures for post-trial proceedings. *Motorists Mutual Insurance Company v. Pinkerton*, 574 Pa. 333, 830 A.2d 958 (2003).

> The venerable purpose of the post-trial motion procedure is to permit the trial court to correct its own errors before appellate review is commenced. Allowing parties to bypass such procedures in declaratory judgment actions would deprive the trial court of this critical gatekeeping function, while doing little to expedite appellate review. In addition, excepting declaratory judgment orders from the plain language of Rule 227.1 would unnecessarily complicate application of that rule and result in further confusion among litigants and the lower courts.

*Id.* at 344, 830 A.2d at 964 (footnote omitted) (citations omitted). Thus, our supreme court requires the filing of post-trial motions under Pa. R.C.P. No. 227.1 in declaratory judgment actions.

Despite our supreme court's effort to establish an unequivocal rule and to eliminate any confusion about the need to file post-trial motions, Lagana argues that he was prohibited from filing a motion for post-trial relief with the trial court by Pa. R.C.P. No. 227.1(g) (emphasis added), which states: "A motion for post-trial relief may not be filed in an *appeal* from the final adjudication or determination of a local agency or a Commonwealth agency as to which jurisdiction is vested in the courts of common pleas." The "Explanatory Comment—1989" (emphasis added) states:

> [N]ew subdivision (g) is added to the rule specifying the procedure in appeals from final determinations of certain government agencies. The Commonwealth Court has stated that there are no post-trial proceedings in "statutory appeal" proceedings unless mandated by local rule. This practice has caused confusion in several respects. In many cases, post-trial motions have been filed unnecessarily and have resulted in the loss of the right to appeal. In other cases, attorneys have filed motions for post-trial relief and appeals simultaneously because they were unable to discern the proper procedure.

> New subdivision (g) prohibits post-trial proceedings in a *statutory appeal*. The decision of the court in all such cases will be a final, appealable order.

Thus, Lagana contends that the declaratory judgment action, the action in equity and the civil action at law constituted stat-

---

5. *See* section 7532 of the Declaratory Judgments Act, 42 Pa.C.S. § 7532.

utory appeals from the Authority's rate determination. We disagree.

In setting forth his argument, Lagana relies on this court's holding in *Shapiro v. Center Township*, 159 Pa.Cmwlth. 82, 632 A.2d 994 (1993), *appeal denied*, 537 Pa. 635, 642 A.2d 488 (1994). In *Shapiro*, a township assessed a landowner for the construction of a water line and filed a municipal claim, which, by statute, became a lien against the property. The landowner did not pay the assessments, and the township filed a praecipe for a writ of scire facias sur municipal claim. Pursuant to statute, the landowner filed an affidavit of defense and sought to strike the lien. After the trial court's ruling, the parties filed post-trial motions, which the trial court denied. *Id.*

■ The question on appeal to this court was whether the Rule of Civil Procedure requiring post-trial motions applies in a scire facias proceeding or whether a scire facias proceeding constitutes a statutory appeal. Because the statutory provisions governing scire facias provide a unique set of procedures unrelated to the Rules of Civil Procedure, this court concluded that, although scire facias law does not specify the filing of an "appeal" from a municipal claim and lien, the effect of a scire facias proceeding is to render a landowner's defense an "appeal." [6]

Regardless of which party seeks the writ of scire facias to force the matter to a hearing, the owner's initial refusal to pay and subsequent filing of an affidavit of defense constitute an "appeal" from the local agency adjudication of the imposition of the lien. Jurisdiction of this appeal from an adjudication of a local agency is vested by statute in the court of common pleas, and the matter is a statutory appeal within the meaning of Rule 227.1.

*Id.* at 998. Thus, a motion for post-trial relief may not be filed in a scire facias proceeding.

However, the actions before the trial court in this case were *not* scire facias proceedings.[7] As indicated above, the actions were a declaratory judgment action, an action in equity and a civil action at law. Moreover, unlike scire facias law, the statutory provisions governing the filing of these actions do *not* set forth unique processes.[8] Thus, we conclude that the Rules of Civil Procedure, including the rule requiring post-trial motions, apply here.

Accordingly, Lagana's appeal is quashed.

*ORDER*

AND NOW, this 3rd day of May, 2004, it is hereby ordered that the above-captioned

---

**6.** *See also Dreibelbis v. State College Borough Water Authority*, 654 A.2d 52 (Pa.Cmwlth. 1994) (holding that a petition to strike a municipal lien constitutes a statutory appeal).

**7.** We note that the Authority could have filed a municipal claim, and lien, and proceeded against Lagana by filing a writ of scire facias. *See* sections 1, 3, 9 of the Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101, 7106, 7143. However, this was not the Authority's exclusive remedy. Indeed, an authority may file a civil action at law, i.e., an action in assumpsit, to collect sewer rates. *See* section

1 of the Act of April 17, 1929, P.L. 527, *as amended*, 53 P.S. § 7251. In addition, an authority has the general power to sue. *See* section 5607(d)(2) of the Municipality Authorities Act, 53 Pa.C.S. § 5607(d)(2).

**8.** Lagana filed his declaratory judgment action pursuant to section 5607(d)(9) of the Municipality Authorities Act, which states only that: "Any person questioning the reasonableness or uniformity of a rate fixed by an authority ... may bring suit against the authority in the court of common pleas...." 53 Pa.C.S. § 5607(d)(9).

appeal of James Lagana and Lagana Enterprises, Inc. is quashed.