J-S54004-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ANDREW R. DEWING AND SALLY A. DEWING | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| ABARTA OIL & GAS CO., INC., TALISMAN ENERGY USA, INC., RANGE RESOURCES APPALACHIA, LLC | |
| Appellees | No. 1537 MDA 2013 |

Appeal from the Order Entered July 30, 2013
In the Court of Common Pleas of Bradford County
Civil Division at No(s): 2010 CV -480

BEFORE:  LAZARUS, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.          **FILED SEPTEMBER 25, 2014**

Andrew and Sally Dewing, h/w, (collectively "the Dewings") appeal from the trial court's order entering judgment in favor of Appellees, Abarta Oil & Gas Co., Inc. (Abarta), Talisman Energy USA, Inc. (Talisman), and Range Resources (Range) (collectively "Appellees").  After careful review, we vacate and remand.

The Dewings own more than 493 acres of land[1] located in Warren Township, Bradford County, Pennsylvania.  On April 3, 2001, the Dewings, as lessors, entered into a ten-year oil and gas lease with Central Appalachian

---

[1] The property is mainly agricultural in nature, containing maple trees for the harvesting of sap to make syrup.

Petroleum (CAP), as lessees. The lease requires a payment of delay rental of $5.00 per acre annually to maintain the lease during the primary term unless and until a well is drilled on the property or a well unit is drilled and such well produces oil and/or gas in commercial quantities. Appellees are the successors-in-interest of CAP and co-lessees under the lease. Appellees had working interests in the lease[2] and paid the annual delay rental to the Dewings for years.

On April 13, 2010, the Dewings gave Abarta notice that the delay rental payment due on the third of that month had not been received. By email on April 20, 2010, the Dewings' attorney notified Talisman's counsel of Abarta's failure to pay the delay rental. The following day, Talisman's counsel advised the Dewings that Range was handling all administrative matters related to the lease, including, but not limited to, paying delay rentals. From April 26, 2010 through June 21, 2010, the Dewings received no delay rental payments from Appellees. By letter dated June 21, 2010, the Dewings served notice on Range, with a copy to Talisman, advising them that the lease was being terminated as a result of the delinquent delay rental payments and in accordance with the lease's forfeiture provision. In the letter, the Dewings requested that Appellees file a release of the lease.

_____

[2] Specifically, Abarta had a 10% working interest, Range a 50% working interest and Talisman a 40% working interest.

On July 2, 2010, Range sent the Dewings a check for the delinquent delay rentals.

On August 3, 2010, the Dewings commenced the underlying action against Appellees alleging termination of and abandonment of the lease. In the complaint, the Dewings sought a declaration that: (1) they have the right to file an action for forfeiture pursuant to the forfeiture provision in the lease; (2) the lease is terminated as a result of Appellees' failure to timely pay the delay rental; and (3) the Appellees' failure to pay the delay rental, after receiving a demand for payment, evidences the abandonment of the lease and also constitutes a material breach. On August 20, 2010, Appellees filed an answer/new matter asserting that their untimely remittance of the delay rental monies does not give rise to the remedy of forfeiture, that the lease remains in full force and effect, that the forfeiture clause in the lease is not "automatic," and that the untimely payment of money due under the lease is not a material breach. On August 23, 2010, Appellees moved for a preliminary injunction, claiming therein that the Dewings refused to provide access to the property and to consent to Appellees' reasonable selection of well pad, access road, and pipeline locations. The Dewings opposed the request for injunctive relief, arguing the lease was subject to termination.

The parties submitted a joint statement of stipulated facts; oral argument on a ruling regarding the stipulated facts was subsequently held. At the beginning of the hearing, the parties agreed that the sole legal issue before the court was whether the forfeiture provision in the lease was an

- 3 -

"automatic forfeiture" rendering any untimely payment a material breach that gives the Dewings the right to terminate the lease. After conducting the equivalent of a stipulated non-jury trial, the trial court concluded that the parties' lease provision was not an "automatic forfeiture" provision, that Appellees had not materially breached the lease, that notice of a demand for payment is not, in and of itself, sufficient to obtain forfeiture at trial, and no other evidence suggested that the Appellees had abandoned the lease. Based on these conclusions, on January 14, 2011, the trial court granted a preliminary injunction[3] in favor of Appellees. However, because the parties had agreed to convert the injunction hearing into a hearing on the merits, the court issued an order, on February 25, 2011, entering final judgment in favor of Appellees on their counterclaims and dismissing all claims in the Dewings' complaint.

The Dewings filed post-trial motions on March 28, 2011.[4] Appellees claimed that the motions were filed late. However, the Dewings asserted

---

[3] The injunction prohibited the Dewings from further breaching the lease and permitted Appellees immediate access to the subject property to conduct oil and gas operations as set forth in the lease.

[4] Pursuant to Pa.R.C.P. 227.1:

(c) Post-trial motions shall be filed *within ten days* after

(1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or

(2) notice of nonsuit or the filing of the decision in the case of a trial without jury.

*(Footnote Continued Next Page)*

that the Bradford County Prothonotary failed to send them notice of the final judgment until March 17, 2011,[5] which they did not receive until March 21, 2011, despite the fact that the order and certificate of service were filed on February 25, 2011. On May 6, 2011, the trial court held a hearing on the Dewings' post-trial motions. Subsequently, the Dewings filed proposed findings of fact to support their post-trial motions and the Appellees filed a motion to strike the Dewings proposed factual findings.

On June 21, 2012, the trial court entered an order permitting the Dewings to present evidence to support their claim that there was a breakdown in the Prothonotary's office regarding timely notice of the court's February 25, 2011 final judgment. The order permitted the parties to take depositions on disputed questions of fact in accordance with Pa.R.C.P. 206.7, and, alternatively, permitted Appellees to seek expedited resolution of the controversy. The court scheduled an October 4, 2013 hearing on the timeliness issue, requested by the Dewings in accordance with the dictates of the June 21, 2012 order. On July 30, 2013, Appellees filed a praecipe for

_(Footnote Continued)_ _____

Pa.R.C.P. 227.1 (emphasis added). Here, if we accept the fact that the Dewings did not receive the requisite notice under Rule 236 until March 17th (because the tenth day fell on a Saturday), the Dewings post-trial motions were conceivably timely filed on Monday, March 28, 2011. **See** Pa.R.C.P. 106(b) ("Whenever the last day of any such period shall fall on a Saturday or Sunday . . . such day shall be omitted from the computation.").

[5] The Dewings attached a copy of first-class US postal service, date-stamped envelope from the Prothonotary addressed to them. The metered date is 03/17/2011.

- 5 -

entry of judgment in accordance with Pa.R.C.P. 227.4(1)(b). Final judgment was entered and, on August 13, 2013, the Dewings filed a notice of appeal from the trial court's order entering final judgment in favor of Appellees.

Before we can proceed to decide this appeal on the merits, we must first determine whether the Dewings' post-trial motions were timely filed, as such a finding is critical to determine whether they have preserved their issues for appeal. If, in fact, the motion was untimely filed, then all issues on appeal would be deemed waived. *See L.B. Foster v. Lane Enterprises*, 710 A.2d 55, 54 (Pa. 1998).

The law is clear that Pa.R.C.P. 227.1 "unequivocally require[s] a party who wishes to appeal [an action at law] to file post-trial motions with the trial court within ten days after . . . notice of . . . the filing of the decision . . . in the case of a trial without a jury[.]" *Motorists Mutual Ins. Co. v. Pinkerton*, 830 A.2d 958, 962 (Pa. 2003), citing Pa.R.C.P. 227/1(c)(2). "A trial court's order at the conclusion of a trial . . . simply cannot be final for purposes of filing an appeal until the court decides any timely post-trial motions." *Chalkey v. Roush*, 805 A.2d 491, 496 (Pa. 2002). Rule 227.1 requires parties to file post-trial motions in order to preserve issues for appeal. If an issue has not been raised in a post-trial motion, it is waived for appeal purposes. *Lane Enterprises*, *supra*.

Here, the Dewings filed post-trial motions on March 28, 2011 from the court's final judgment entered on February 25, 2011 -- clearly beyond the 10-day time limit set forth in Rule 227.1. However, the Dewings contend

that their motion is timely because the Prothonotary did not actually mail notice of the final judgment until March 17, 2011, and they did not receive it until March 21, 1011. The court notes that on the face of the record, the Dewings' post-trial motions are untimely. *Id.* Moreover, Appellees submitted an affidavit from their attorney indicating that on February 28, 2011, the prothonotary provided notice that copies of the order entering final judgment had been mailed to counsel and that he actually received that order by March 3, 2011. Appellees also attached, as an exhibit to their brief in opposition to the Dewings' motion for post-trial relief, a file copy of the notice given to the parties regarding the filing of the February 25, 2011 order. The trial court acknowledges that a question of fact exists regarding "whether the Prothonotary mailed the court's order of February 25, 2011, on February 28, 2011, as suggested by the record, or mailed it on March 17, 2011, as claimed by Plaintiffs[.]" Trial Court Order, 12/5/11.

Although the court scheduled a hearing on the timeliness issue for October 4, 2013,[6] because 120 days elapsed, without a decision, from the time of the date of the filing of the Dewings' post-trial motions, Appellees praeciped for entry of judgment on July 30, 2013, in accordance with

_____

[6] The record contains an order indicating that the timeliness hearing was cancelled due to the fact that final judgment had been entered and an appeal filed in the case.

Pa.R.C.P. 227.4.[7]  On that same date, judgment was entered against the Dewings.  The Dewings filed a timely notice of appeal on August 13, 2013, from that judgment.  On appeal, they present one issue for our review: Whether the court erred in entering final judgment in favor of [A]ppellees when the plain language of the lease as well as the joint statement of stipulated facts indicates the judgment should have been entered in favor of [A]ppellant[s].

Because the trial court failed to rule upon whether the Dewings' post-trial motions were timely filed, we must vacate the judgment and remand this case to the trial court for a hearing on the issue.  The record contains

_____

[7] Rule 227.4 states, in relevant part:

In addition to the provisions of any Rule of Civil Procedure or Act of Assembly authorizing the prothonotary to enter judgment upon praecipe of a party and except as otherwise provided by Rule 1042.72(e)(3), the prothonotary shall, upon praecipe of a party:

(1) enter judgment upon a nonsuit by the court, the verdict of a jury or the decision of a judge following a trial without jury, if

(a) no timely post-trial motion is filed; or

(b) one or more timely post-trial motions are filed and the court does not enter an order disposing of all motions within one hundred twenty days after the filing of the first motion. A judgment entered pursuant to this subparagraph shall be final as to all parties and all issues and shall not be subject to reconsideration[.]

Pa.R.C.P. 227.4.

conflicting evidence from the parties over the timeliness issue and it is not our function, as an appellate court, to make credibility determinations over such matters when the record is not clear.

Here, the trial court is more familiar with local county rules regarding notice of final judgments. With those local practices in mind, on remand the court must determine whether the prothonotary of Bradford County gave written notice of the entry of the judgment to the Dewings attorney, with a copy of the actual judgment in accordance with Rule 236(a)(2). Moreover, the court shall determine whether the prothonotary complied with Rule 236(b), which requires that the prothonotary note in the docket when notice was given.[8]

Order vacated. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
ProthonotaryDate: 9/25/2014

_____

[8] We are also aware of the fact that a party may be granted the right to file post-trial motions *nunc pro tunc*. "Generally, in civil cases [such a remedy is] granted only where there was fraud or a breakdown in the court's operations through a default of its officers." ***Vietri v. Del. Valley High Sch.***, 63 A.3d 1281, 1284 (Pa. Super. 2013). Presumably, this would have been a potential remedy in the event that it was determined that notice of the final judgment from the prothonotary was not sent to the Dewings in a timely fashion.