J-A24031-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FIRST CORNERSTONE BANK, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL PORTNOY D/B/A MID | : | |
| ATLANTIC JUDGMENT ENFORCEMENT | : | |
| AND DANIEL DESTEFANO, | : | |
| | : | |
| APPEAL OF:  MICHAEL PORTNOY, | : | |
| D/B/A MID ATLANTIC JUDGMENT | : | |
| ENFORCEMENT | : | No. 396 EDA 2015 |

Appeal from the Judgment Entered February 9, 2015,
in the Court of Common Pleas of Montgomery County,
Civil Division at No(s):  2013-32207

BEFORE:  PANELLA, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED SEPTEMBER 11, 2015**

Michael Portnoy d/b/a Mid Atlantic Judgment Enforcement (Portnoy) appeals from a judgment entered against Portnoy and in favor of First Cornerstone Bank (the Bank).  We affirm.

Given the manner in which we dispose of this appeal, we need to provide only a brief summary of the background underlying the matter.  The Bank initiated this declaratory judgment action by filing a complaint against Portnoy and Daniel DeStephano (DeStephano).  The Bank sought a declaration that its lien against DeStephano's property has priority over a lien held by Portnoy.  The parties submitted the case to the court on stipulated facts.

_____
* Retired Senior Judge assigned to the Superior Court.

On February 5, 2015, the trial court entered an order declaring that the Bank's lien has priority over Portnoy's lien. On February 9, 2015, Portnoy filed a praecipe for the entry of judgment, and judgment was entered that day. Portnoy timely filed a notice of appeal and raises two issues on appeal. Portnoy has waived these issues.

In **Motorists Mut. Ins. Co. v. Pinkerton**, 830 A.2d 958, 959 (Pa. 2003), which involved declaratory judgment actions, our Supreme Court held that "orders following trials on stipulated facts must be treated just like orders following other trials, *i.e.*, in both situations, parties who wish to appeal must first file post-trial motions." **Id.** at 964. As we noted above, the parties submitted this declaratory judgment action to the trial court on stipulated facts. Thus, once the court entered its order declaring the rights of the parties, Portnoy was required to file a post-trial motion. Portnoy failed to do so; thus, Portnoy has waived all issues on appeal. **See D.L. Forrey & Associates, Inc. v. Fuel City Truck Stop, Inc.**, 71 A.3d 915, 920 (Pa. Super. 2013) ("[The a]ppellant in this case did not file any post-trial motions, *procedurally flawed* or otherwise. Accordingly, [the a]ppellant's claims of error are waived.").

We reject Portnoy's apparent attempt to convince this Court that the trial court granted summary judgment in favor of the Bank and against Portnoy. Portnoy's Brief at vii and xi. The introductory paragraph of the parties' stipulation of facts states that the parties "hereby stipulate and

agree to the following, to be used as the factual record in the final disposition of this matter, **as if** the parties had each moved for summary judgment." N.T., 11/13/2015, Exhibit 1, at unnumbered page 1 (emphasis added). However, the certified record is devoid of any motions for summary judgment.

Without providing citation to the record, Portnoy essentially asserts that the trial court agreed to dispose of the matter via summary judgment. Portnoy's Brief at xi. We did not discover any such agreement in the certified record. Furthermore, neither the trial court's order nor its opinion in support of that order mentions summary judgment or the concepts thereof. In addition, neither party actually moved for summary judgment, let alone filed a written motion for summary judgment. Therefore, the trial court was precluded from declaring the rights of the parties through that procedural mechanism. **See** Pa.R.C.P. 1035.2 ("After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may **move** for summary judgment in whole or in part as a matter of law[.]") (emphasis added); **DiGregorio v. Keystone Health Plan East**, 840 A.2d 361, 366-67 (Pa. Super. 2003) ("[S]ince Keystone failed to file a written motion [for summary judgment], the trial court should not have addressed the merits of the motion.").

Lastly, if Portnoy believed that the trial court's February 5th order granted summary judgment in favor the Bank, then Portnoy's decision to

praecipe for the entry of judgment is curious. Had the court entered summary judgment, its order would have disposed of all parties and all claims and thus would have constituted a final, appealable order pursuant to Pa.R.A.P. 341(c). The entry of judgment under such circumstances is unnecessary and superfluous.

The certified record fully supports a conclusion that the trial court disposed of this matter by way of a non-jury trial on stipulated facts. Thus, Portnoy's failure to file a post-trial motion is fatal to his appellate issues.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/2015