929 A.2d 643

**WEICHERT CO. OF PENNSYLVANIA, INC.,
A Pennsylvania Corporation, Petitioner,**

v.

**Arthur HERLING, Janet Rubino, Jane Healy, Long & Foster
Real Estate, Inc. and Melissa Ford, Respondents.**

Supreme Court of Pennsylvania.

Aug. 13, 2007.

### *ORDER*

PER CURIAM.

AND NOW, this 13th day of August, 2007, this Petition for Allowance of Appeal is hereby treated as a Petition for Review, *see Vaccone v. Syken,* 587 Pa. 380, 899 A.2d 1103, 1106 n. 2 (2006), as this matter involves a challenge to the order of the Superior Court quashing Petitioner's appeal. *See Weichert v. Herling,* No. 2625 EDA 2005 (Pa.Super.Sept.8, 2006) (unpublished order). A review of the docket in the matter subject to review (C.P. Montgomery County, Civil Action No. 01–13665) indicates that the order denying Petitioner's "Petition to Hold Long & Foster and Herling in Contempt of the Stipulated Injunction Order" was not entered with the required notation that appropriate notice had been given. The time for filing an appeal, therefore, has not

commenced. *See Frazier v. City of Philadelphia,* 557 Pa. 618, 735 A.2d 113, 115 (1999) ("[P]ursuant to the express terms of the rules, an order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given."). Although the Superior Court correctly determined that it could not consider Petitioner's appeal at the time it was filed, that court should have directed the trial court to enter the denial order on the docket of Civil Action No. 01–13665.

Accordingly, the order of the Superior Court is **VACATED**, and the matter is **REMANDED** to that court with instructions to retain jurisdiction and to direct the trial court to enter a denial order on the docket of Civil Action No. 01–13665, thus perfecting Petitioner's otherwise premature appeal. *See, e.g., Sobien v. Mullin,* 783 A.2d 795, 797 n. 1 (Pa.Super.2001) (observing that, "if a party prematurely files a notice of appeal from an interlocutory order, the appeal is perfected once a final appealable order is entered."). *See generally* Pa.R.A.P. 905(a).