**Sandin v. Dempsey.**

*Adam J. Sager*, for Plaintiff.
*Ronald F. Brien, Sr.* for defendant.

ROGERS, *J.*, August 7, 2012—I. INTRODUCTION

Appellant Dennis Dempsey, III ("appellant") has appealed to the Superior Court of Pennsylvania ("Superior Court") from this court's order dated and docketed on October 20, 2011, and entered as a final judgment on November 7, 2011, following a one (1) day bench trial on October 14, 2011. Because appellant did not file post-trial motions within ten (10) days following the entry of this court's decision on the merits, it is the undersigned's

opinion that appellant's appeal should be dismissed for failure to preserve any appellate issues. However, should the Superior Court disagree, appellant's issues raised on appeal warrant no relief. If the Superior Court reaches the merits, the undersigned respectfully requests that the court affirm judgment.

## II. FACTUAL AND PROCEDURAL HISTORY

The relevant facts and procedural history underlying this appeal are as follows. On March 29, 2002, appellant's parents, Dennis Dempsey, Jr. and Lorraine M. Dempsey, conveyed "All that certain frame dwelling, situate at the rear of no. 207 and 209 Main Street in the Borough of Royersford, County of Montgomery ... and the land thereunto belonging", Parcel #19-00-02284-00-1, to appellant, having purchased this property from Alexander and Joann Andre on February 18, 1983. (Trial exhibit D-2). The deeds provide the following property description:

Beginning at a point in the alley leading from Main Street to proposed Summer Street on the line between lands of said Ciprey Steer and Paul Britton, said point of beginning being 177 feet 9 inches Northerly from the curb line of Main Street and on the line between lands of said Ciprey Steer and lands of Paul Britton; thence along on said alley, North 16 degrees 20 minutes west 60 feet 3 inches to a pin, a corner of lands of Remigio Calcinari; thence by lands of said Remigio Calcinari by a line running parallel with the curb line of Main Street at the distance of 238 feet therefrom North 76 degrees 15 minutes east 36 feet 4 inches to a stake; this last mentioned bearing being the bearing taken as the bearing of Main Street; thence still by lands of Remigio

Calcinari and lands of Gelles Estate South 16 degrees 20 minutes east 59 feet 6 inches to a point 3 feet from the face of the wall of a garage; thence parallel with the face of said wall 3 feet distance therefrom south 74 degrees 20 minutes west 36 feet 4 inches to the place of beginning.

(Trial exhibit D-2). Appellant maintained the parcel as rental property. (See appellant's answer to action for declaratory judgment, new matter, and counterclaim, at 5-6; notes of testimony, October 14, 2011 ("N.T."), at 12, 85-86).

On October 10, 2003, plaintiff Traci Sandin ("plaintiff") purchased "a double dwelling house, ..., and lot or piece of land thereunto belonging" at 206 Summer Street in the Borough of Royersford "in accordance with a Survey and Plan thereof, made by Will D. Hiltner, R.S., made on 10/06/1949".[1] (Trial exhibit D-1). Sandin's deed provides the following descriptions:

Beginning at a spike, in the southeasterly side of Summer Street, at the distance of 311.57 feet, on a course, north 18 degrees west from the old curb line on the northwesterly side of Main Street, said spike being a corner of the herein described premises, in the center line of an 8 feet wide alley way, thence, on the southeasterly side of Summer Street, north 72 degrees 52 minutes east, 19 feet, to a point, a corner of this and other lands, now or late, of John Calcinari, also known as John Calicinore, thence, by said premises, on the center line of the partition walls, as they now

---

1. The referenced survey by Will D. Hiltner made on October 6, 1949, was never recorded. (N.T. at 65, 138).

exist, dividing said double dwelling house, south 18 degrees east, 73.3 feet, to a point, a corner of this in line of lands, now or late, of Orion Kline, thence, by said lands, south 72 degrees west, 19 feet, to a spike, in the center line of the aforementioned 8 feet wide alley way, thence, on the center line of said alley way, north 18 degrees west, 73.57 feet, to the place of beginning.

Also all that certain lot or piece of land, situate on the southeasterly side of Summer Street, in the Borough of Royersford, County of Montgomery and Commonwealth of Pennsylvania, bounded and described, in accordance with a survey thereof, made on 10/06/1949, by Will D. Hiltner, R.S. Norristown, PA, as follows, to wit:

Beginning at a spike, in the center line of an 8 feet wide alley way, a corner of this and the premises hereinabove described, thence, on the center line of said 8 feet wide alley way, south 18 degrees east, 131.07 feet, to a spike, thence, by lands, now or late, of The National Bank of Spring City, south 72 degrees west, 36.58 feet, to a stake, a corner, in the line of lands, now or late, of Irvin H. Johnson, thence, by said lands, north 18 degrees west, 131.6 feet, to a stake, in the southeasterly side of Summer Street, aforementioned, thence, along said side of said Street, north 72 degrees 50 minutes east, 36.58 feet, to the place of beginning.

(Trial exhibit D-1).

To access the rental property, appellant and his renters, entered from Summer Street by way of an unimproved alley which connected summer and Main Streets and

passed through plaintiff's property. (N.T. at 14, 32-33). Neither party's chain of title specifically provided for an "easement" through plaintiff's property. (*Id.* at 135-38). However, appellant accessed his property by way of this alley without incident until 2006. (*Id.* at 85-86). In August 2006, plaintiff erected a fence blocking entrance to appellant's property through the alley from Summer Street. (*Id.* at 94, 95). The disagreement between neighbors quickly grew contentious and appellant required a police escort to enter his property from Summer Street. (*Id.* at 96-97). On occasion, appellant was able to enter his property from Main Street through another neighbor's property ("defendants Keckley"). (*Id.* at 101).

On October 11, 2007, plaintiff filed this action for declaratory judgment seeking a declaration that 1) her fence is proper as no easement of record exists, 2) appellant is enjoined from accessing his property from 206 Summer Street, and 3) defendants Keckley must remove their fence which blocks access to appellant's property from Main Street. (Action for declaratory judgment, filed October 11, 2007). On the same day, plaintiff also filed a petition for preliminary injunction seeking an order decreeing that 1) appellant is enjoined from accessing his property through plaintiff's property, 2) appellant is enjoined from damaging plaintiff's landscaping while attempting to access his property, 3) appellant is enjoined from contacting or harassing plaintiff in his attempts to access his property, and 4) any other just and proper relief. (Petition for preliminary injunction pursuant to Pa.R.C.P. 1531, filed October 11, 2007).

On October 18, 2007, appellant filed an answer and new matter to petition for preliminary injunction. In this

answer, appellant argued that plaintiff's deed references an eight (8) foot alley and that appellant and his parents have had continuous ingress and egress from Summer Street using that alley since February 1983. (Answer to petition for preliminary injunction pursuant to Pa.R.C.P. 1531 and new matter, filed October 18, 2007). Appellant also pled the defense of "unclean hands". (*Id.*). On November 5, 2007, appellant filed an answer to action for declaratory judgment, new matter and counterclaim, again pleading the provision of an eight (8) foot alley from Summer Street to Main Street noted in plaintiff's deed. Relying on *Kieffer v. Imhoff*, 26 Pa. 438, 1856 WL 7110 (Pa. 1856), appellant claimed that the alley is an easement created by deed. (Answer to action for declaratory judgment, new matter, and counterclaim, filed November 5, 2007). Additionally, appellant's counterclaim contains a count for interference with business relations, seeking damages for lost rentals and profits. He also sought confirmation of his "right for peaceable enjoyment of ingress and egress to his house via the eight (8) foot alley (easement) from Main Street to Summer Street" and quiet title, (*Id.*). Notably, appellant did not plead his family's continuous use of the alley through the property at 206 Summer Street since 1983 in his answer to action for declaratory judgment. (See *id.*).

On November 13, 2007, plaintiff withdrew her petition for preliminary injunction. On November 29, 2007, plaintiff filed an order to settle, discontinue & end with the prothonotary as to defendant Keckleys only. Appellant did not object to the release of the Keckleys. In addition, at no time did appellant move to amend his answer to the action for declaratory judgment, nor did appellant file his own preliminary injunction.

40

Prior to trial, the parties filed their motions in limine. This court heard argument on those motions on Tuesday, October 11, 2011, and issued its rulings on Wednesday, October 12, 2011. The parties appeared before the undersigned for a nonjury trial on Friday, October 14, 2011. Counsel for plaintiff presented the testimony of plaintiff, as well as that of Andrew J. Monastra, attorney at law, as an expert in the field of real estate law. (N.T. at 41).

Counsel for appellant presented the testimony of appellant, as well as that of William L. Conver, professional licensed surveyor, as an expert in the field of surveying. (*Id.* at 107). Mr. Conver testified "that the records indicate that there's an alley that extends from Main Street through to Summer Street on the westerly side of the dempsey property, the westerly side of the Sandin property, as well as the westerly side of the property ... currently owned by [defendants Keckley]." (*Id.* at 110). Mr. Conver testified that he knew of no reason, rule, regulation or business practice which prevented the recording of the Hiltner Survey of 1949 referenced in plaintiff's deed. (*Id.* at 130-34). In doing his research, Mr. Conver also did not find any evidence of an agreement or a written document creating an express easement concerning the Sandin property. (*Id.* at 135-38). Following closing arguments, the court took the matter under advisement.

On October 20, 2011, the undersigned issued a decision on plaintiff's action for declaratory judgment ("the order"). In the order, the court denied all of both parties' demands, including appellant's counterclaim demand for the removal of the fence and confirmation of appellant's right for peaceable enjoyment of ingress and egress via the

alley described as an "easement" and to grant him quiet title. The undersigned's judicial secretary certified on the order that she sent a copy to counsel for both parties on October 20, 2011, by first-class mail and by e-mail. (See October 20, 2011 order). Both counsel confirmed receipt of the order by e-mail on that very day. (See November 17, 2011 order and attachment). The prothonotary also entered the order on the docket on October 20, 2011, as follows: "(sur plaintiff action for declatory [sic] judgment) of 10/20/11 Rogers, J. plaintiff request for ruling denied plaintiff demand for order granting declarations denied defendant demand that court order removal of fence denied defendant demand for quiet title denied cc". "cc" is the prothonotary's notation on the docket for copies sent to the parties or their counsel. In addition, as both counsel in this matter are registered e-filing users with the montgomery county prothonotary's office, both counsel also received an email notification from the prothonotary stating that an order had been entered and providing a link to view the actual image of the order.

Neither party filed post-trial motions from the order within the mandatory ten (10) day period. After the ten (10) day period had passed without counsel filing post-trial motions, the Montgomery county prothonotary mailed to both counsel a rule 236 Notice that final judgment had been entered. On the morning of November 7, 2011, the prothonotary entered that notice on the docket.

Notwithstanding the express provisions of Pa.R.C.P. 227.1(c)(2), later that same day, appellant filed a "petition for reconsideration of chancellor's order dated October 20, 2011, or in the alternative [sic] granting a new trial." Plaintiff filed a motion to dismiss the petition

on November 9, 2011. On November 14, 2011, the undersigned dismissed the petition as untimely. Appellant filed an emergency motion for reconsideration on November 15, 2011, which this court denied. Appellant now appeals from several of the court's orders.[2]

### III. ISSUES

Appellant raises the following issues on appeal:[3]

I. [A-6.] The trial court erred as a matter of law and/ or fact and committed abuse of discretion in denying defendant's petition for reconsideration by order dated, November 14, 2011. The court on November 7, 2011, sua sponte telephoned the prothonotary and directed him to file and serve by mail the required R.C.P. 236 notice which triggers the ten (10) day notice period. (See defendant's emergency motion for reconsideration).

II. [A-7.] The trial court erred as a matter of law and/or fact and committed abuse of discretion in its sua sponte finding defendant's post-trial motions untimely. (See orders dated, November 14, 2011 and November 17, 2011, rendering motions moot by order dated November 15, (sic) 2011. See Par. 4 above and emergency petition).

III. [A-8.] The trial court erred as a matter of law and/ or fact and committed abuse of discretion by denying defendant's emergency motion for reconsideration.

---

2. Appellant's notice of appeal actually lists seven (7) orders from which appellant claims to be appealing. Notably, he does not appeal from the final judgment entered on November 7, 2011.

3. The court has reordered appellant's issues for ease of disposition. Appellant's original order of issues presented in his concise statement is noted with an [A-*.].

(See order dated, November 17, 2011). Defendant did not consent to service by e-mail. Notice is triggered by the proper and required mailing of the rule 236 notice by the prothonotary. If that were not so, the rule would serve no purpose. Rule 236 notice was mailed and received after defendant's filing of his post trial motions. (See emergency petition).

IV. [A-1.] The trial court erred as a matter of law and/or fact by departing from accepted judicial practices and so abused its discretion that defendant's due process rights and justice has been denied by its sua sponte rulings and failure to recuse itself after finding dempsey's alleged attacker innocent. [sic] (See 5th amendment, U.S. constitution and PA rule of judicial discipline 3,4 and 5 [sic]).

V. [A-16.] The trial court erred as a matter of law and/or fact and committed abuse of discretion when it refused to assume the role of chancellor of a court of equity and treated this case as a run of the mill neighbor's dispute with no consideration of the equities and one sided harm involved. The court has repealed the laws of equity. A court of equity should be special i.e. consistent with the principles [sic] justice, impartiality, fairness, even handed and with conscience. It is there to correct or supplement the law as applied to particular circumstances. When the wrong is egregious as this case [sic] the equity court can and should ignore procedural defects, if any, and decide the case equitably to obtain a just result. It has extraordinary powers i.e. equity contra legem and equity intra legem. Black's Dictionary (see notes of testimony and order dated, October 20, 2011).

VI. [A-17.] The trial court erred as a matter of law and/or fact and committed abuse of discretion when it sua sponte is attempting to prevent independent review of plaintiff's egregious behavior. An equity court should find a way to make defendant whole. She gets a pass. Her attorney defies three (3) court orders; he gets a pass. What makes them so special? (See orders dated, November 14, 2011 and par. 4 above).

VII. [A-5.] The trial court erred as a matter of law and/or fact and committed abuse of discretion with its inconsistent order after bench trial on October 20, 2011 in finding against both plaintiff and defendant. The trial court failed to remove the spite fence or address plaintiff's lawless behavior, thereby sanctioning plaintiff taking of defendant's property without just compensation (See 5th amendment, U.S. constitution).

VIII. [A-2.] The trial court erred as a matter of law and/or fact and committed abuse of discretion in sua sponte dismissing defendant's counterclaim and refusing to apply equitable principle [sic] of restorative justice citing unnamed rule of evidence and civil procedure. (See October 12, 2011 order).

IX. [A-3.] The trial court erred as a matter of law and/or fact and committed abuse of discretion in denying defendant's motion in Limine citing clean hands to restrict plaintiff's testimony. (See order dated, October 12, 2011).

X. [A-4.] The trial court erred as a matter of law and/or fact and committed abuse of discretion in denying defendant's motion in limine to prevent plaintiff's expert witness from testifying. Plaintiff's witness

list was 2-1/2 months late, and did not even include an expert. Counsel's motion in limine was late and he was late to the hearing) [sic] He was given a pass after defying three (3) court orders. (See order dated, October 12, 2011).

XI. [A-12.] The trial court erred as a matter of law and/or fact and committed abuse of discretion when it allowed plaintiff's expert to discuss the 1919 deed but sua sponte denied the surveyor the right to testify as to the missed 1923 deed and would not allow him to give his definition of a [sic] alley, but allowed the plaintiff's expert to so testify. (See notes of testimony).

XII. [A-11.] The trial court erred as a matter of law and/or fact and committed abuse of discretion when it ignored the testimony of both experts' definition of an implied easement coupled with defendant's testimony of twenty-eight years of ingress and egress. As well as both parties' deeds reciting the eight foot alley. [sic] (See notes of testimony).

XIII. [A-9.] The trial court erred as a matter of law and/or fact and committed abuse of discretion when it sua sponte prohibited defendant from testifying about the physical, emotional, and financial harm resulting from the dangerous and hostile environment created by plaintiff. (See order dated, October 12, 2011) (sic). In so ruling, the court ignored P.A.R.[sic] Evid, 701 and 702.

XIV. [A-10.] The trial court erred as a matter of law and/or fact and committed abuse of discretion when it refused to consider plaintiff's disregard for the rule of law and her vigilante activities. (See 5th amendment,

U.S. constitution).

XV. [A-13.] The trial court erred as a matter of law and/or fact and committed abuse of discretion when it punished defendant for being a pacifist who obeyed the law. (See notes of testimony and order dated, October 20, 2011) The lesson here is why waste your time and money getting court approval, just start up your chain saw and let the chips fall where they may. (See U.S. Constitution 14th Amendment).

XVI. [A-14.] The trial court erred as a matter of law and/or fact and committed abuse of discretion when it rewarded plaintiff for her lawless aggressive behavior, her disrespect for the rule of law and creation of a dangerous and hostile environment. Her Brazen conduct encouraged their neighbors, the Keckleys, to also build a fence-making Dempsey's house landlocked for five (5) years and unrentable. [sic] (See notes of testimony and order dated, October 20, 2011) [sic] But for her bad behavior, Dempsey would never have been beat up and suffer permanent injuries. The court was indifferent to the victim's [sic] plight.

XVII. [A-15.] The trial court erred as a matter of law and/or fact and committed abuse of discretion when it ignored counsel's active support of plaintiff's egregious behavior resulting harm to defendant. (See PA R.C.P.1023.1)

(Statement of matters complained of on appeal, filed December 16, 2011).[4]

---

4. The undersigned will address appellant's sixth, seventh and eighth issues as the first three issues on appeal as the disposition of these issues may result in dismissal and extinguish the need for further review.

## IV. DISCUSSION

As a prefatory matter, appellant has waived any issues for appellate review by failing to file post-trial motions within ten (10) days following the prothonotary's docketing of this court's October 20, 2011 order rendering a decision on all matters. The Superior Court noted this failure when it sent appellant an order to show cause filed on December 15, 2011. Appellant has never asserted that he did not timely receive a copy of this court's October 20, 2011 order. Rather, appellant insists that every order issued by a court must be mailed by the prothonotary, and only by the prothonotary, in order for notice of that order to be proper. Appellant further postulates that the judicial secretary's signed certification of first-class mailing of the order as entered on the docket by the prothonotary with the notation of "CC" is insufficient to serve as notice under Pa.R.C.P.236. According to appellant's rationale, the ten (10) day time period within which post-trial motions needed to be filed did not begin to run until the prothonotary mailed the Rule 236 notice on November 7, 2011. We disagree and opine that the Superior Court should dismiss this appeal.

In pertinent part, the Pennsylvania rules of civil procedure provide the following guidance:

Rule 1601. Action for declaratory relief alone. Jury trial. Waiver

(a) A plaintiff seeking only declaratory relief shall commence an action by filing a complaint captioned "Action for declaratory judgment". The practice and procedure shall follow, as nearly as may be, the rules governing the civil action.

Pa.R.C.P. 1601(a).

*Rule 1038. Trial without Jury*

(a) Except as otherwise provided in this rule, the trial of an action by a judge sitting without a jury shall be conducted as nearly as may be as a trial by jury is conducted and the parties shall have like rights and privileges, including the right to move for nonsuit.

(b) The decision of the trial judge may consist only of general findings as to all parties but shall dispose of all claims for relief. The trial judge may include as part of the decision specific findings of fact and conclusions of law with appropriate discussion.

(c) The decision may be made orally in open court at the end of the trial, and in that event shall be forthwith transcribed and filed in the office of the prothonotary, or it may be made there-after in writing and filed forthwith. In either event the prothonotary shall notify all parties or their attorneys of the date of filing. The trial judge shall render a decision within seven days after the conclusion of the trial except in protracted cases or cases of extraordinary complexity.

Note: A decision includes what were formerly known as a decree nisi and an adjudication. A decision is not a final decree, also known as a judgment.

*For post-trial relief following a trial without jury, see Rule 227.1.*

For entry of judgment upon praecipe of a party, see rule 227.4.

Pa.R.C.P. 1038 (emphasis added). Proper procedure following a nonjury trial in a declaratory judgment action is dictated by rule 227.1, which provides in relevant part:

*Rule 227.1. Post-Trial Relief*

(a) After trial and upon the written motion for post-trial relief filed by any party, the court may

(1) order a new trial as to all or any of the issues; or

(2) direct the entry of judgment in favor of any party; or

(3) remove a nonsuit; or

(4) affirm, modify or change the decision; or

(5) enter any other appropriate order.

\*\*\*\*

(c) *Post-trial motions shall be filed within ten days after*

(1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or

(2) notice of nonsuit or *the filing of the decision in the case of a trial without jury.*

If a party has filed a timely post-trial motion, any other party may file a post-trial motion within ten days after the filing of the first post-trial motion.

Pa.R.C.P. 227.1(a), (c) (emphasis added).

Finally, the Pennsylvania rule pertaining to notice provides in pertinent part as follows:

*Rule 236. Notice by Prothonotary of Entry of Order or Judgment*

(a) The prothonotary shall immediately give written notice of the entry of:

\*\*\*\*

(2) any other order or judgment to each party's attorney of record or, if unrepresented, to each party. The notice shall include a copy of the order or judgment.

Note: See rules 1012 and 1025 as to the requirement of an address on an appearance and a pleading.

(b) The prothonotary shall note in the docket the giving of the notice and, when a judgment by confession is entered, the mailing of the required notice and documents.

\*\*\*\*

(d) The prothonotary may give the notice required by subdivision (a) or notice of other matters by facsimile transmission or other electronic means if the party to whom the notice is to be given or the party's attorney has filed a written request for such method of notification or has included a facsimile or other electronic address on a prior legal paper filed in the action.

Note: Except as provided by subdivision (a)(1) relating to the entry of a judgment by confession, *rule 236 does not prescribe a particular method of giving notice.* Methods of notice properly used by the prothonotary include, but are not limited to, service via United States mail and courthouse mail. Subdivision (d) governs

facsimile transmission and other electronic means if the prothonotary chooses to use such a method.

A facsimile or other electronic address set forth on letterhead is not a sufficient basis under this rule to authorize the prothonotary to give notice electronically.

Notice by facsimile transmission or other electronic means is applicable not only to orders and judgments under subdivision (a) but also to "other matters" such as the scheduling of a conference, hearing or trial or other administrative matters. Where the technology involved provides an acknowledgment for the mailing or the receipt of the notice, the prothonotary should retain that acknowledgment as part of his or her file.

See rule 205.4 governing filing and service of legal papers by electronic means other than facsimile transmission.

See rule 440(d) governing service of legal papers other than original process by facsimile transmission.

Pa.R.C.P. 236 (emphasis added). As explained in Goodrich Amram 2d:

*§ 236(a):1 Notice by prothonotary of entry of order, decree, or judgment, generally*

Upon entry of a judgment, the prothonotary must immediately give written notice by ordinary mail of the entry of any order or judgment. Failure of the prothonotary to give notice of the decree or judgment as required by the rule may constitute a valid excuse for a party's failure to timely file an appeal.

*Observation:*

> Where judges now have their secretary or law clerks mail notice of an order or a copy of the order itself to counsel, there is no reason why such practice cannot be continued provided that they are authorized to act as so-called "minute clerks" or deputies to the prothonotary. The prothonotary or a deputy must, however, note the giving of the notice in the docket.

1 Goodrich Amram 2d § 236(a): 1 (2d ed.) (footnotes omitted). Further, Rule 108 of the Rules of Appellate Procedure states that "[t]he date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)." Pa.R.A.P. 108(b).

Following a trial in equity, a party has ten (10) days within which to file post-trial motions from a trial court's adjudication. *Jones v. Prudential Property and Casualty Insurance Company*, 856 A.2d 838, 840 n.1 (Pa.Super. 2004) (citing Pa.R.C.P. 227.1). In a declaratory judgment action, the court's pronouncement is a "judgment". *Id.* However, to render a trial court's judgment final for appeal purposes in such a matter, a party must file post-trial motions within the mandatory ten (10) day period. *Id.* (citing *Motorists Mutual Insurance Company v. Pinkerton*, 574 Pa. 333, 342, 830 A.2d 958, 963 (2003) ("where trial court enters declaratory order after trial, parties must file post-trial motions from that order and post-trial motions must be decided to render order final for

appeal purposes")).[5] While interpreting two Pennsylvania Supreme Court cases, the Pennsylvania Commonwealth Court provided the following instructive explication:

> In *Chalkey v. Roush*, 569 Pa. 462, 805 A.2d 491 (2002), a case involving an action in equity, our Supreme Court stated that Pa.R.C.P. No. 227.1 was intended to establish a standard post-trial practice that applies to *both* actions at law *and* actions in equity. Thus, a party must file post-trial motions at the conclusion of a trial in *any* type of action in order to preserve issues for appeal. *Id. Even if the trial court fails to enter a proper decree nisi in an action in equity, a party is not excused from filing a post-trial motion to preserve issues for appeal. Id.* The court stated, "With this unequivocal rule, there is no danger that parties will be confused as to whether they should file post-trial motions or proceed directly to an appeal from an order entered by a trial court in an action in equity." *Id.* at 470, 569 Pa. at 462, 805 A.2d at 496 (footnote omitted).

With respect to declaratory judgment actions, our Supreme Court has held that, although the declaratory judgments act states that orders declaring a party's rights have the force and effect of a *final* judgment or decree, [FN] such language should not be interpreted to undermine our Supreme Court's uniform procedures for post-trial proceedings. *Motorists Mutual Insurance*

---

5. This practice is to be distinguished from the situations where the court has entered a declaratory judgment at the pre-trial stage. See e.g. *Penn-America Insurance Company v. Peccadillos, Inc.*, 27 A.3d 259 (Pa.Super. 2011) (summary judgment order final and immediately appealable); *Jarl Investments, L.P. v. Fleck*, 937 A.2d 1113 (Pa.Super. 2007) (pre-trial evidentiary order for preliminary injunction immediately appealable without post-trial motions).

*Company v. Pinkerton*, 574 Pa. 333, 830 A.2d 958 (2003).

[FN]. See section 7532 of the declaratory judgments act, 42 Pa.C.S. §7532.

The venerable purpose of the post-trial motion procedure is to permit the trial court to correct its own errors before appellate review is commenced. Allowing parties to bypass such procedures in declaratory judgment actions would deprive the trial court of this critical gatekeeping function, while doing little to expedite appellate review. In addition, excepting declaratory judgment orders from the plain language of rule 227.1 would unnecessarily complicate application of that rule and result in further confusion among litigants and the lower courts.

*Id.* at 344, 830 A.2d at 964 (footnote omitted) (citations omitted). Thus, our Supreme Court requires the filing of post-trial motions under Pa. R.C.P. No. 227.1 in declaratory judgment actions.

*Municipal Authority of Hazle Township v. Lagana*, 848 A.2d 1089, 1091-92 (Pa.Cmwlth. 2004) (emphasis added). See also *Liberty Property Trust v. Day-Timers, Inc.*, 815 A.2d 1045, 1049 (Pa.Super. 2003) (interpreting *Chalkey*, supra).

In a subsequent case, similar in many respects to the one at bar, the Superior Court recently discussed the Pennsylvania Supreme Court's efforts to create uniform procedures for post-trial practice in both actions at law and equity. See *Crystal Lake Camps v. Alford*, 923 A.2d 482 (Pa.Super. 2007). Writing for the majority, the honorable Justin M. Johnson explained,

the court in *Pinkerton* held that "post-trial declaratory judgment orders, just like other post-trial orders, are subject to the post-trial motion procedures in Rule 227.1." 830 A.2d at 964. In reaching this conclusion, the court emphasized that the Declaratory Judgment Act should not "be interpreted to undermine the uniform procedures that [the Supreme Court of Pennsylvania] has devised with respect to post-trial proceedings." *Id. Pinkerton* ultimately evinces the Supreme Court's intent that post-trial practice be dictated primarily by the manner in which a case is disposed, not merely by the form of the action. Hence, declaratory judgment actions, like all others, are subject to post-trial practice when resolved after trial, while actions resolved by peremptory remedies are not. See *Pinkerton*, 574 Pa. 342, 830 A.2d at 963 *["W]here a trial court enters a declaratory order following a trial, parties must file post-trial motions from that order, as they would in any other civil proceeding, before the order may be deemed a final order for purposes of an appeal."*

*Crystal Lake Camps*, supra at 488 (emphasis added).

Moreover, "[i]t is not the obligation of the court to determine whether a motion captioned as a motion for reconsideration is actually something else or whether there is an outstanding motion that needs the court's attention." *Stephens v. Messick*, 799 A.2d 793, 801 (Pa. Super. 2002). The appellate courts have "explicitly stated that a motion for reconsideration is not the functional equivalent of a motion for post-trial relief." *Crystal Lake Camps*, supra at 487 (citing *Moore v. Moore*, 535 Pa. 18, [25], 634 A.2d 163, 166 (1993) ("A motion

for reconsideration is not a post-trial motion.")).[6] "[I]gnorance of procedural rules does not justify or provide a reasonable explanation for failure to comply". *Madrid v. Alpine Mountain Corporation*, 24 A.3d 380, 383 (Pa. Super. 2011) (citation omitted).

Instantly, this court mailed a copy of the order by first-class mail to counsel for both parties from chambers on October 20, 2011, as certified by the judicial secretary and as noted by the prothonotary on the docket on the same day with the notation of "CC". Additionally, the judicial secretary sent the order to counsel by email and requested confirmation. Both attorneys confirmed receipt of the order by email. (See confirmation email from attorney Brien attached to this court's order sur: defendant, Dennis Dempsey III's emergency motion for reconsideration of November 14, 2011 order, dated November 17, 2011 and docketed on November 18, 2011). Pursuant to Pa.R.C.P. 227.1(c) and case law interpreting the rules, the parties had ten (10) days within which to file a motion for post-trial relief, or until Monday, October 31, 2011. Appellant filed a petition for reconsideration on November 7, 2011, or eighteen (18) days after the entry of the court's decision. This court determined that the petition was untimely as a post-trial motion and dismissed it.

The cases cited by appellant in support of his position do not compel a different result. Rather, appellant relies upon cases in support of his argument that interpret a rule relating to appellate rights, or rights following the entry

---

6. As Justice Cappy so aptly explained in *Moore*, supra, a motion for reconsideration is addressed to the trial court's sound discretion. *Id.* On the other hand, "[p]ost-trial motions embody the concept of waiver. Issues not raised pre-trial, during trial and then preserved in a post-trial motion cannot be raised on appeal." *Id.* at 25 n.1, 634 A.2d at 167 n.1

of a decree nisi, or rights involving exceptions. The cited cases involve a different procedural posture or rights that are not at issue in the instant appeal. In other words, the cases are inapposite and distinguishable. In each case, the court's focus is on the entry of the order on the docket with a notation that notice was given. See, e.g., *Weichert Co. of Pennsylvania, Inc. v. Herling*, 593 Pa. 337, 929 A.2d 643 (2007) (reiterating "an order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given"); *In Re: Estate of Karschner*, 919 A.2d 252 (Pa.Super. 2007) (stating for purposes of calculating timeliness of appeal, notice must be filed within 30 days after the date of entry of the order, which date is day on which clerk makes notation in docket that notice of entry of order has been given); *Vertical Resources, Inc. v. Bramlett*, 837 A.2d 1193 (Pa. Super. 2003) (emphasizing an order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given); *Cardwell v. Chrysler Financial Corporation*, 804 A.2d 18 (Pa.Super. 2002) (vacating judgment to preserve appellate rights where party had never received notice of the order and no notice is reflected on the docket that order was entered and sent to the parties); *Dreher Township Board v. Solitron Development Co., Inc.*, 481 A.2d 1207 (Pa.Super. 1984) (finding exceptions filed timely where plaintiff-intervenors had not been served with notice of the court's decision); *Ruh v. Ruh*, 407 A.2d 447 (Pa.Super. 1979) (remanding case where docket contained no entry that notice of decree nisi was sent to appellant or his counsel).

Appellant's reliance on *Fischer v. UPMC Northwest*, 34 A.3d 115 (Pa.Super. 2011), is also misguided as the

facts of that case are readily distinguished. After filing timely post-trial motions that the trial court denied by order dated February 2, 2010, the appellants in *Fischer* asserted that they did not receive a copy of that order until March 10, 2010. The practice in Venango County at the time was for the court reporter to type and distribute orders to the people copied at the bottom of the order. *Id.* at *1. The court reporter did not remember sending out the order in question and the prothonotary had not entered the order on the docket as having been sent. The Superior Court concluded that the appellants were entitled to an appeal nunc pro tunc because the court reporter's generic testimony of habit was insufficient to relieve the prothonotary of its duty to give written notice and to note on the docket the date that notice had been mailed. *Id.* at *4.

The Montgomery County court of common pleas' practice of having the judicial secretary certify and serve a Judge's orders by first-class mail has been in place for over twenty (20) years. In this particular case, the judicial secretary signed the October 20, 2011 order certifying that she mailed the order that very day and the Montgomery County prothonotary so noted entry and mailing of the order on the docket also on October 20, 2011, with its notation of "CC". Moreover, counsel received two emails providing notice of the order, one from the judicial secretary, which counsel acknowledged by reply email, and another from the prothonotary by virtue of his E-filer status.

Appellant filed a petition for reconsideration eighteen (18) days after entry and docketing of the order. Unlike the cases upon which appellant relies, appellant is not

arguing that his post-trial filing is untimely because of the lack of notice. Rather, he is arguing that his lateness should be excused because the copies of the order that he received in a timely fashion were not mailed specifically by the prothonotary. To allow appellant to use rule 236 as a procedural artifice to avoid dismissal in the case sub judice would turn the rule on its head.

It is also not the intention of this court to imply that the judicial secretary provided proper service of the notice to counsel in this case by way of email. Rather, this court served proper notice of the order by first-class mail and the prothonotary entered notice of that service on the docket as having been sent on October 20, 2011. After more than ten (10) days had past, during which time appellant should have filed any post-trial motions, the prothonotary sent a rule 236 notice that final judgment had been entered and so noted on the docket.

Although the Superior Court prothonotary discharged the rule to show cause as to why this appeal should not be dismissed on December 29, 2011, the undersigned opines that the judicial panel assigned to this case should revisit the issue and dismiss this appeal. In the event that the panel reaches the merits of the appeal, however, this court concludes that the issues appellant has raised warrant no relief.

In his fourth through seventh issues on appeal, appellant complains that this court refused to overlook the procedural defects in his case and find a way to rule in his favor.[7] Despite the latitude that the undersigned gave counsel at trial, appellant remains dissatisfied with the

7. See the discussion at footnote 13, infra.

outcome. As appellant must and does note, however, this court also denied plaintiff's demands.

Pennsylvania statutory law provides in pertinent part as follows:

§7532. General scope of declaratory remedy

Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

42 Pa.C.S.A. §7532.

§ 7537. Remedy discretionary

The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding, but as provided in section 7541(b) (relating to effect of alternative remedy), the existence of an alternative remedy shall not be a ground for the refusal to proceed under this subchapter.

42 Pa.C.S.A. § 7537. The Declaratory Judgment Act provides specifically for cases such as this one to obtain a construction of documents and a declaration of rights thereunder. See 42 Pa.C.S.A. § 7533. The act is remedial and "is to be liberally construed and administered." 42

Pa.C.S.A. § 7541(a). "Declaratory relief is not obtainable as a matter of right. Whether a trial court should exercise jurisdiction over a declaratory judgment action is a matter of sound judicial discretion."' *Consolidation Coal Company v. White*, 875 A.2d 318, 325 (Pa.Super. 2005) (citation omitted).

Additionally, while a court sitting in equity has broad powers, it cannot simply ignore the Pennsylvania Rules of Civil Procedure and the Pennsylvania Rules of Evidence. Rather, "[i]t is well settled law that a court in equity must follow the law." *Kepple v. Fairman Drilling Company*, 532 Pa. 304, 315, 615 A.2d 1298, 1304 (1992) (citations omitted).

> Even recognizing that a court of equity has broad powers, '(i)t is a mistake to suppose, that a court of equity is amenable to no law, either common or statute, and assumes the rule of an arbitrary legislator in every particular case.' Blackstone's Commentaries on the Law 732 (B. Gavit ed. 1941). When the rights of a party are clearly established by defined principles of law, equity should not change or unsettle those rights. Equity follows the law. *Hedges v. Dixon County*, 150 U.S. 182, 14 S.Ct. 71, 37 L.Ed. 1044 (1893); *Bauer v. P. A. Cutri Co.*, 434 Pa. 305, 253 A.2d 252 (1969); *Scott v. Waynesburg Brewing Co.*, 256 Pa. 158, 100 A. 591 (1917); *Abrahams v. Wilson*, 134 Pa.Super. 297, 3 A.2d 1016 (1939); see 2 J.Pomeroy, A Treatise on Equity Jurisprudence s 425 (5th ed. S.Symons 1941).

*First Federal Savings and Loan Association of Lancaster v. Swift*, 457 Pa. 206, 210, 321 A.2d 895, 897 (1974). "[I]t has long been the rule in this Commonwealth that in

dealing with legal rights, a court of equity follows and is bound by rules of law ..." *Bauer v. P.A. Cutri Company of Bradford*, 434 Pa. 305, 310, 253 A.2d 252, 255 (1969) (citations omitted). "[T]he maxim 'equity follows the law' is entitled to the greatest deference." *Swift*, supra at 212, 457 Pa. at 212, 321 A.2d at 898 (citations omitted). "Equity provides remedies where the law has established a right but not an adequate remedy. In fashioning the remedy, however, equity must follow the law." *Mazur v. Trinity Area School District*, 926 A.2d 1260, 1268 n.10 (Pa.Cmwlth. 2007). "A court of equity has no more right than has a court of law to act on its own notion of what is right in a particular case [and] must be guided by the established rules and precedents." *Id.* (citation omitted).

Moreover, Pennsylvania Rule of Civil Procedure 126,[8] upon which appellant relies, does not provide a license to ignore rules of evidence and civil procedure enacted to guarantee fairness for all of the parties before the court. Contrary to appellant's assertion, the undersigned did not give either party a "pass". Rather, based upon the evidence presented, the court declined to grant either party their requested relief.

The issue to be determined at this trial was whether

---

8. The Rule states as follows:

Rule 126. Liberal construction and application of rules.

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Pa.R.C.P. 126. A trial court's application of the rule is discretionary when there has been substantial compliance and the opposing party will suffer no prejudice. See *Womer v. Hilliker*, 589 Pa. 256, 271, 908 A.2d 269, 278 (2006); *Slaughter v. Allied Heating*, 636 A.2d 1121, 1125 (Pa. Super. 1993) (citation omitted).

plaintiff's property carried an easement entitling appellant to ingress and egress. The court, guided by established rules and applicable precedents, presided over the trial in a manner ensuring fairness to both parties to the dispute. After hearing all of the evidence, the undersigned concluded that appellant did not establish that a written easement existed. For reasons that are explained infra, this court also determined that appellant did not preserve the issue of an implied or prescriptive easement. Counsel's vitriol notwithstanding, appellant received a fair trial.

Additionally, in appellant's notice of appeal, appellant notes for the first time that one of appellant's neighbors sat "smiling" in the front row of the courtroom at the October 14, 2011 bench trial. This neighbor, John Calcinore, had been arrested in 2008 for allegedly assaulting appellant. The undersigned later acquitted Mr. Calcinore of the charge in a bench trial.[9] Appellant now submits that the undersigned should have recused himself from the instant trial for that reason. Unfortunately, the matter was not brought to this court's attention until after the instant trial had concluded. Neither party listed Mr. Calcinore as a trial witness, nor did the undersigned recognize or realize Mr. Calcinore's involvement in the matter until after the trial. If appellant or counsel knew of the situation before or during the trial, they should have brought the matter to the court's attention as soon as they made the discovery so that the undersigned could have addressed any concerns at that time.

As Mr. Calcinore was not a party or a witness for a party in the instant matter, this court is unable to anticipate

---

9. The applicable criminal docket is 46-CR-0004786-2009, *Commonwealth v. Calcinore*.

any argument constituting grounds for alleged prejudice to appellant. Regardless, as the undersigned did not recognize Mr. Calcinore, there could be no bias, prejudice or unfairness. See *Bridgeport Fire Litigation*, 5 A.3d 1250, 1254 (Pa.Super. 2010), appeal denied, ___ Pa. ___, 23 A.3d 1003 (2011); *Rohm and Haas Company v. Lin*, 992 A.2d 132, 149 (Pa.Super. 2010), cert. denied, 132 S.Ct. 852 (2011). Accordingly, appellant's fourth through seventh issues merit no relief.

In his eighth, ninth, and tenth issues on appeal, appellant asserts that the court erred in its rulings on the parties' motions in limine. Appellant cites to three (3) orders that we will address seriatim.

An amendment to Pennsylvania Rule of Evidence 103(a) in 2001 provides that a party need not renew an objection at trial where a court's ruling on a motion in limine clearly and definitively rules on the motion. *Blumer v. Ford Motor Company*, 20 A.3d 1222, 1232 (Pa.Super. 2011) (citing *Trach v. Fellin*, 817 A.2d 1102, 1107 n.3 (Pa.Super. 2003) (en banc)). "Conversely, if the trial court defers ruling on a motion in limine until trial, the party that brought the motion must renew the objection at trial or the issue will be deemed waived on appeal." *Blumer*, supra (citations omitted). The appellate court's standard of review is long settled:

[The Superior] Court will not reverse a trial court's decision regarding the grant or refusal of a new trial absent an abuse of discretion or an error of law. Further, if the basis of the request is the trial court's rulings on evidence, then such rulings must be shown to have been not only erroneous but also harmful to the complaining

party. *Evidentiary rulings which did not affect the verdict will not provide a basis for [relief].*

*Cicconi Auto Body v. Nationwide Insurance Company*, 904 A.2d 933, 937 (Pa.Super. 2006) (citations omitted) (emphasis added). Moreover,

> [a] motion in limine is a procedure for obtaining a ruling on the admissibility of evidence prior to or during trial, but before the evidence has been offered. When reviewing rulings on motions in limine, we apply the scope of review appropriate to the particular evidentiary matter. The admissibility of evidence is a matter addressed to the sound discretion of the trial court and should not be overturned absent an abuse of discretion.

*Education Resources Institute, Inc. v. Cole*, 827 A.2d 493, 499 (Pa.Super. 2003) (citation omitted). And finally,

> "[r]elevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Pa.R.E. 401. "All relevant evidence is admissible, except as otherwise provided by law." Pa.R.E. 402.

*Cicconi Auto Body*, supra at 938.

In his eighth issue, appellant claims that the court "sua sponte" dismissed his counterclaim, presumably with the court's ruling on plaintiff's motion in limine to preclude appellant's expert's testimony, to preclude reference to any type of fact witness statements, and to preclude evidence in support of damages sought as part

of appellant's counterclaim. Because the court deferred its ruling on the first two of those motions until the time of trial (N.T. at 4-8), they are not at issue. See *Blumer*, supra. As was within this court's province, the undersigned granted plaintiff's motion to preclude evidence in support of any damages for which appellant had failed to provide supporting documentary evidence as requested during discovery. See Pa.R.C.P. 4019; *Commonwealth Financial Systems, Inc. v. Smith*, 15 A.3d 492, 501 (Pa.Super. 2011) (citation omitted) (imposition and severity of sanctions for discovery violation are matters vested in sound discretion of trial court); *Rohm and Haas*, supra at 142 (citations omitted) (same).

This court also deferred its ruling until the time of trial on the motion at issue in appellant's ninth claim, hence that ruling need not be addressed here. See *Blumer*, supra. Appellant asserts in his tenth issue that the undersigned erred in denying his motion to preclude plaintiff's expert witness from testifying because plaintiff produced her witness list late and the expert was not on that list. However, the court notes that the honorable S. Gerald Corso entered a discovery management order on June 23, 2009, stating that plaintiff's expert report shall be due on October 30, 2009. Plaintiff provided a copy of her expert, Andrew J. Monastra, esquire's expert report and opinion dated October 26, 2009, to appellant's counsel before the deadline. In addition, plaintiff listed attorney Monastra as her expert in plaintiff's pre-trial memorandum dated and filed September 8, 2010.

Appellant failed to advance any argument of prejudice in his motion in limine, because, in fact, there was none to argue. Instead, after spending numerous paragraphs

expounding on examples of plaintiff's "unclean hands", Appellant chose to argue that the expert should be precluded because that expert did not follow the instructions in plaintiffs engagement letter. Appellant failed to provide any legal support for such an argument and this court is unaware of any support for such an argument. Hence, the undersigned denied the motion. For these reasons, appellant's eighth, ninth and tenth issues lack merit.

In his eleventh issue on appeal, appellant proffers that the court erred and committed an abuse of discretion by limiting his expert's testimony. Specifically, appellant complains that the undersigned allowed plaintiff's expert to discuss a 1919 deed[10] and opine on his definition of an alley but "sua sponte" denied appellant's expert "the right" to testify about a 1923 deed and his definition of an alley. Appellant's claim is completely without merit.

First, plaintiff timely produced an expert report and this court allowed plaintiff's expert to testify within the four corners of that report. (See exhibit P-2, N.T. at 42-53). Counsel stipulated that attorney Monastra is an expert in the real estate field. (N.T. at 40-41). Appellant's counsel did not object to the mention of the 1916 deed at trial, and appellant's counsel was the one who asked plaintiffs expert, attorney Monastra, for his definition of an alley on cross examination. (*Id.* at 57-58).

In stark contrast, appellant produced no expert report. Plaintiff's counsel stipulated that appellant's witness, William L. Conver is an expert in the field of professional

---

10. Appellant does not cite to a page in the notes of testimony. As there is no mention of a 1919 deed in attorney Monastra's testimony, we assume appellant refers to a brief response concerning a 1916 deed. (N.T. at 53).

surveying. (*Id.* at 107). Appellant's expert produced a plot plan based on a survey and a legal description of the alley. (Exhibit D-22; N.T. at 117-19). Appellant had not produced the 1923 deed about which his witness had started to testify when plaintiff's counsel objected. (N.T. at 111-13). The undersigned sustained the objection. (*Id.* at 113-15). In addition, after allowing appellant's counsel some latitude, this court sustained plaintiff's objection to expert testimony from Mr. Conver concerning his definition of an alley based on appellant's failure to produce an expert report and Mr. Conver's lack of qualifications to so testify.[11] (*Id.* at 120-24). See Pa.R.C.P. 4003.5. Hence, appellant's eleventh issue is unavailing.

Appellant asserts in his twelfth issue on appeal that the court erred and abused its discretion when the undersigned purportedly ignored the testimony of both experts' definition of an implied easement, as well as appellant's own testimony of twenty-eight years of ingress and egress, and the recitation of the eight (8) foot alley in the deeds. Appellant is mistaken.

First, the undersigned did not ignore the expert's definition of an implied easement.[12] In fact, this court actually requested clarification from attorney Monastra concerning the expert's definition of an implied easement compared to a prescriptive easement. (N.T. at 72-74).

---

11. Plaintiff served a request for production of documents on December 14, 2007, seeking any and all expert reports appellant had in his possession. (See plaintiff's motion in limine filed October 7, 2011). In addition, judge Corso's discovery management order required appellant to provide any expert reports by November 30, 2009. Appellant did not produce any expert reports.

12. Mr. Conver did not provide a definition for an implied easement, nor was he qualified at trial to do so.

Second, as duly noted by plaintiff's counsel, appellant failed to plead anything other than an express easement in his answer, new matter and counterclaim to plaintiff's action in declaratory judgment. (N.T. 79-81; 147-49). While appellant did plead some of the elements of an implied easement as well as a prescriptive easement in his answer and new matter to plaintiffs petition for preliminary injunction, he failed to do so in his response to plaintiffs' action in declaratory judgment. When plaintiff withdrew her petition, appellant did not move to amend his answer to the declaratory judgment action to plead these theories.[13] Although appellant could have moved at any time to amend his answer, including at trial, he did not. See Pa.R.C.P. 1033. The undersigned provided an opportunity for such a motion during the trial, and counsel declined to take it. (N.T. at 80-81).

Third, this court sitting as factfinder found appellant's testimony that his family had accessed this property from Summer Street since 1983 insufficient on its own to establish a prescriptive easement. See *McNaughton Properties, LP v. Barr*, 981 A.2d 222, 225 n.2 (Pa.Super. 2009) (citing *Waltimyer v. Smith*, 556 A.2d 912 (Pa. Super. 1989) (explaining party must establish right to use property, which was not inconsistent with owner's rights and which was acquired by use that was open, notorious,

13. Appellant could have filed his own preliminary injunction. Appellant chose instead to defend the declaratory judgment action solely on the bases of an express easement and plaintiff's "unclean hands" without amending appellant's answer to include the defenses of easement by implication or easement by prescription or even easement of necessity and presenting evidence in support thereof. This court was and is reluctant to "step into counsel's shoes" when the rules of civil procedure have not been followed. See *Stimmler v. Chestnut Hill Hospital*, 602 Pa. 539, 564 n.18, 981 A.2d 145, 160 n.18 & concurring opinion at 567-68 (2009).

and uninterrupted for at least 21 years)). Further, a court may find an easement by implication to exist only when division of property was created by a common grantor and "where the intent of the parties is demonstrated by the terms of the grant, the property's surroundings and any other res gestae of the transaction." *Phillippi v. Knotter*, 748 A.2d 757, 761 (Pa.Super. 2000) (citations omitted); *Sentz v. Crabbs*, 630 A.2d 894, 895-96 (Pa.Super. 1993) (citations omitted); accord *Taylor v. Gross*, 171 A.2d 613, 617 (Pa.Super. 1961). See also *Davidson v. Graefe*, 2008 WL 7427196 (Chester Cty. 2008), affirmed, 986 A.2d 1289 (Pa.Super. 2009) (finding evidence supported one of a series of shared alleys benefiting various lots sold based upon recorded plan carried easement for ingress and egress as well as fee title to center of alley).

Instantly, appellant failed to proffer any evidence of a common grantor, any evidence of the parties' intent, or any other res gestae of the transaction. Moreover, contrary to appellant's assertions otherwise, the recitation of an alley in a deed does not establish an easement per se. Appellant's reliance upon *Kieffer v. Imhoff*, 26 Pa. 438, 1856 WL 7110 (1856) in support of this assertion is misguided.[14] Accordingly, appellant's twelfth issue also

---

14. The facts and holding of *Kieffer*, supra, do not support appellant's position. In that case, the parties established that the alley at issue was once part of a single plot owned by one person (Magaw) who, by his will, devised the real estate into smaller lots. The executors of the will conveyed one such lot in fee simple. Annexed to the deed was a plot of the property and an alley. The deed contained a clause which specifically provided that the "alley is for the use of both houses." Subsequent deeds made specific reference to the "right of way." At a later point in time, one person (Bredin) again owned both of the lots on either side of the alley and the easement was extinguished. On Bredin's death, however, the two lots were sold at sheriffs sale to two separate parties, one of which brought an action in trespass to keep the other from using the alley. The trial court found that upon the sheriff's sale the easement was revived

merits no relief.

In appellant's thirteenth issue on appeal, he contends that the court erred and abused its discretion by not allowing his testimony concerning "the physical, emotional, and financial harm resulting from the dangerous and hostile environment created by plaintiff." Appellant cites Pennsylvania Rules of Evidence 701 and 702, which allow for lay opinion and expert opinion testimony. To the extent appellant refers to testimony regarding monetary damages for which he produced no evidence in discovery, the undersigned has addressed that issue above. To the extent appellant refers to the ongoing hostilities between neighbors, the testimony was simply not relevant to the legal issues before this court.[15]

As the Superior Court has previously explained,

[a]dmission of evidence is within the sound discretion of the trial court and we review the trial court's determinations regarding the admissibility of evidence for an abuse of discretion. *Smalls v. Pittsburgh-Corning Corp.*, 843 A.2d 410, 413 (Pa.Super.2004), appeal denied, 579 Pa. 704, 857 A.2d 680 (2004). To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party. *Ettinger v. Triangle-Pacific Corp.*, 799 A.2d 95, 110 (Pa.Super.2002), appeal denied, 572

---

and continued as it had existed before the unity of title. The Pennsylvania Supreme Court agreed and affirmed. *Kieffer*, 1856 WL 7110 at *8.

15. An example of the hostility counsel proffered was the difficulty encountered when appellant's surveyor showed up on plaintiff's property to conduct his survey in preparation for trial without counsel utilizing Pa.R.C.P. 4009.31 and 4009.32 to obtain an order to inspect and survey the property. The court declined to consider plaintiff's response to this trespass as an instance of "unclean hands". (N.T. at 126-28).

Pa. 742, 815 A.2d 1042 (2003). For evidence to be admissible, it must be competent and relevant. *Ratti v. Wheeling Pittsburgh Steel Corp.*, 758 A.2d 695, 707 (Pa.Super.2000), appeal denied, 567 Pa. 715, 785 A.2d 90 (2001). Evidence is competent if it is material to the issue to be determined at trial. *Id.* Evidence is relevant if it tends to prove or disprove a material fact. *Id.* at 707-08. Relevant evidence is admissible if its probative value outweighs its prejudicial impact. *Id.* at 708. The trial court's rulings regarding the relevancy of evidence will not be overturned absent an abuse of discretion. *Romeo v. Manuel*, 703 A.2d 530, 532 (Pa. Super. 1997).

*American Future Systems, Inc. v. Better Business Bureau of Eastern Pennsylvania*, 872 A.2d 1202, 1212 (Pa.Super. 2005).

Instantly, as the undersigned explained at oral argument for the parties' motions in limine, and again at trial, the issue before this court was whether or not appellant had an easement through plaintiff's property at "206 Summer Street" for ingress and egress onto his property at "207 Main Street rear". While the court did hear some of the proffered evidence from appellant (see N.T. at 86-87; 95-97), testimony that plaintiff "used self help in order to intimidate [appellant] and his family" was neither competent evidence nor relevant to the issue before the court. (N.T. at 88-94). See *American Future Systems*, supra; Pa.R.E. 401, 402. Hence, appellant's thirteenth issue on appeal must also fail.

Appellant's final four issues raised on appeal are either duplicative or so vague that this court is unable to address

them. The court is therefore hampered in its review of appellant's remaining claims.

"[A] concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all." *Karn v. Quick & Reilly Incorporated*, 912 A.2d 329, 335 (Pa. Super. 2006) (citations omitted).

> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.

*Madrid*, 24 A.3d at 382-83 (citation omitted). See *In re R.P.* 197 Pa. Super. 2008, 956 A.2d 449, 457 n.4 (holding vague rule 1925(b) claim of equal protection clause violations waived for failure to assert particularized argument); Pa.R.C.P. 1925(b)(4).

In the case sub judice, appellant's final four rule 1925(b) issues are either duplicative, or they do not assert a sufficiently particularized argument to allow meaningful review. Accordingly, they are waived.

## V. CONCLUSION

Based upon the reasoning set forth herein, the undersigned respectfully requests that the Superior Court dismiss this appeal as in violation of the rules. In the alternative, this court asks that judgment be affirmed.