# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Perseus House Charter School of
Excellence, Inc.

           v.

The School District of the City of
Erie,

                Appellant

:
:
:
:
:   No. 29 C.D. 2024
:   Argued: October 8, 2024
:
:
:

**BEFORE:**    **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                **HONORABLE CHRISTINE FIZZANO CANNON,** Judge (P.)
                **HONORABLE MATTHEW S. WOLF**, Judge

**OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**          **FILED: November 7, 2024**

Before this Court is the appeal of the School District of the City of Erie (School District) from the December 28, 2023 Order of the Court of Common Pleas of Erie County (common pleas) that granted declaratory relief to Perseus House Charter School of Excellence, Inc. (Charter School) and held that the term of Charter School's renewed charter began on the date it was reauthorized, rather than the date Charter School's prior charter expired. Also before the Court is Charter School's Application to Quash School District's Appeal (Application), in which Charter School argues School District did not preserve any issues for appellate review because it did not file Post-Trial Motions in accordance with Pennsylvania Rule of Civil Procedure (Civil Rule) 227.1(g), Pa.R.Civ.P. 227.1(g). Upon review, we are constrained by the Supreme Court decision in *Motorists Mutual Insurance Company v. Pinkerton*, 830 A.2d 958 (Pa. 2003), to grant the Application and dismiss School District's appeal.

## I. BACKGROUND

Charter School commenced this matter in common pleas as a declaratory judgment action against School District. (Reproduced Record (R.R.) at 4a-8a, 21a.) The parties filed a stipulation of facts (Stipulation) for common pleas to use "as the basis for [common pleas]' determination of this Declaratory Judgment Action." (*Id.* at 27a-39a.) Common pleas set forth those facts, and the issues raised in Charter School's complaint, in its December 28, 2023 opinion, as follows.

> [Charter School] is a Pennsylvania non-profit organization that holds a charter issued by [School District] to operate a charter school pursuant to the Pennsylvania Charter School Law [(CSL)[1]] . . . . [Charter School's] charter commenced on July 1, 2016[,] and was approved for a five-year period - through June 30, 2021. By letter dated June 18, 2020, [Charter School] advised [] School District that it sought renewal of its charter. However, despite the diligent efforts of both parties, the renewal process was not completed prior to the expiration date for the original charter.
>
> During the renewal process, the parties agreed to an approval plan requiring [Charter School] to[:] (1) compile metrics related to measured and targeted populations; (2) set academic improvement goals of an annual 10% increase in Classroom Diagnostic Tool scores for the measured population and a [55] point increase in Math and Reading Inventory scores for at least 70% of the measured population; and (3) set a target attendance rate of 84%. Additionally, the parties recognized that the charter would not be renewed prior to the date of its expiration. [] School District took the position that the renewal would be retroactive and would be effective as of July 1, 202[1]. [Charter School] contended that the renewal would be effective as of the date the renewal was approved and signed. The parties agreed to all other terms of the renewal and further agreed to litigate the effective date of the charter's renewal at a later date. [] School District approved the renewal of the charter and accompanying improvement plan on March 9, 2022 - eight months after the expiration date of the original charter.

---

[1] Act of March 10, 1949, P.L. 30, *as amended*, added by the Act of June 19, 1997, P.L. 225, 24 P.S. §§ 17-1701-A–17-1751-A.

2

[Charter School] filed this declaratory judgment action on October 12, 2022. [] School District filed a timely answer on November 4, 2022. Both parties filed briefs in support of their respective positions and in reply to the opposing party's brief. Oral argument on the matter was held May 12, 2023[,] at which time both parties were represented by their counsel.

(Common pleas' Opinion (Op.) at 1-3 (citations omitted).)

Common pleas concluded that its review of Charter School's complaint was guided by Section 7532 of the Declaratory Judgments Act (DJA), 43 Pa.C.S. § 7532, which, by "its plain meaning, does not impose any specific requirements on courts seeking to enter declaratory judgment orders." (*Id.* at 3.) Instead, common pleas indicated that section "'affords the courts broad discretion in crafting declaratory judgment orders by permitting such orders to be either affirmative or negative in form and effect.' *National Cas. Co. v. Kinney*, 90 A.3d 747, 754 (Pa. Super. 2014) (internal citations and quotations omitted)." (*Id.*)

On the merits, common pleas explained the only issue before it was "whether the renewal charter for [Charter School] [wa]s effective as of the date the renewal charter was executed ([Charter School]'s position) or whether the effective date [wa]s made retroactive to the day after the original charter expired (School District's position)." (*Id.* at 3.) This issue, common pleas held, is not directly addressed in the CSL. Common pleas cited, as the relevant statutory provision, Section 1720-A(a) of the CSL, which provides, in pertinent part, as follows:

Except as otherwise provided in subsection (b), the charter shall be for a period of no less than three (3) nor more than five (5) years and may be renewed for five (5)[-]year periods **upon reauthorization** by the local board of school directors of a school district or the appeal board.

3

24 P.S. § 17-1720-A(a) (emphasis added). Citing Section 1921(b) of the Statutory Construction Act of 1972 (Statutory Construction Act),[2] 1 Pa.C.S. § 1921(b), and the language "upon reauthorization" from Section 1720-A(a) of the CSL, common pleas held that the common understanding of this language "would be that the five-year renewal term would commence when the decision to reauthorize the charter was approved and finalized," and "nothing in the language of the [CSL] state[s] that any authorizations are made effective retroactively." (Common pleas' Op. at 6.) And, in this case, that date would be March 9, 2022. Common pleas also noted that, Section 1729-A(f) of the CSL, 24 P.S. § 17-1729-A(f), while not directly applicable, reflected that a charter school's charter remains in effect until there is a final disposition from the State Charter School Appeal Board (CAB), meaning that a "renewal period cannot begin until the previous charter had expired or ended." (*Id.*)

Common pleas was persuaded by Charter School's practical arguments, that "the renewal agreement, which was signed on March 9, 2022, sets forth target population and attendance goals as well as academic achievement progress goals, which must be met year-over-year," and if the charter renewal was made retroactive, Charter School "would have operated for nearly an entire school year without having known exactly what those target metrics were and would not have had the ability to work toward meeting those specific targets." (*Id.*) This was important, according to common pleas, because "failure to meet performance standards set forth in a charter document is grounds for termination of a charter and therefore of substantial significance to the [C]harter [S]chool's administration. *See, e.g.*, *Graystone Acad*[.] *Charter Sch. v. Coatesville Area Sch. Dist.*, 99 A.3d 125 (Pa. C[mwlth]. 2014)." (*Id.*

---

[2] Section 1921(b) of the Statutory Construction Act provides that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b).

at 7.) Common pleas was similarly persuaded that given the lack of concrete deadlines for the review of renewal application, a charter school could end up with a charter renewed for a period of less than five years, in contravention of the CSL's plain language, if the approval was made retroactive. (*Id.*)

Common pleas found School District's reliance on the CAB's decisions in *Fell v. Carbondale Area School District*, CAB Docket Nos. 2017-02 & 2022-04, filed, respectively, November 22, 2017, and December 21, 2022, to be misplaced. While those decisions supported the conclusion "that charters renew in straightforward five[-]year increments," no deference was required because the timing of the renewal application, decision, and effective date of the renewal were not addressed in any of those cases. (*Id.* at 8.) Instead, common pleas noted that the *Fell* decisions involved a situation where the school district involved repeatedly abandoned its decisions denying a renewal, which had been done without hearings, once the charter school filed an appeal. (*Id.*)

Ultimately, common pleas concluded that

> [o]n balance . . . the plain language of the statute provides for a five-year renewal term starting on the date the charter application is reauthorized, that the statute does not provide for the making [of] the effective date of a charter's renewal retroactive, and that the practicalities and equities of the time needed to review and negotiate renewal applications require that the effective date must be the date of approval, not a retroactive date.

(*Id.* at 9.)

School District filed a notice of appeal to this Court on January 11, 2024, and, at the direction of common pleas, a Concise Statement of Errors Complained of on Appeal (Statement) pursuant to Pennsylvania Rule of Appellate Procedure (Appellate Rule) 1925(b), Pa.R.A.P. 1925(b). In the Statement, School District

argued common pleas erred in finding that the renewed charter commenced on the date it was reauthorized and signed, rather than immediately following the expiration of the prior charter. Common pleas issued a February 5, 2024 order in lieu of an opinion under Appellate Rule 1925(a), indicating its December 28, 2023 opinion fully addressed the issues raised in the Statement.

On February 13, 2024, Charter School filed the Application, requesting that this Court quash School District's appeal because School District had not, prior to filing its notice of appeal, filed post-trial motions, thereby waiving all issues for appellate review. School District filed an answer to the Application, and Charter School was granted permission to file a sur reply brief (Reply). Following telephonic argument on the Application, the Court directed that the Application be listed with the merits of the appeal. (May 17, 2024 Order.)

## II. THE APPLICATION

### A. *Parties' Arguments*

Charter School argues School District has waived all issues on appeal by not filing post-trial motions. Citing Civil Rule 227.1, *Pinkerton*, and other cases, Charter School states post-trial motions are required in all civil cases, including declaratory judgment actions, where a trial or non-jury trial is held, which includes those that are submitted for decision on a stipulation of facts. This conclusion is also supported by *McCormick v. Northeastern Bank of Pennsylvania*, 561 A.2d 328 (Pa. 1989), Charter School asserts. Here, Charter School argues, the parties submitted the Stipulation and agreed to have the declaratory judgment action be decided on those stipulated facts, thereby implicating Civil Rule 227.1.

In its Answer, School District contends that *Pinkerton's* requirement for post-trial motions is not clearly applicable here because such procedure applies only to

6

common pleas court orders issued following a trial. School District avers the present action does not contain the hallmarks of trial since no documentary evidence was offered or admitted and no witnesses testified before common pleas. Rather, School District describes the procedural posture of this case as more akin to a grant of summary judgment or judgment on the pleadings, which, according to the Comment to Civil Rule 227.1(g), does not require post-trial motions.

School District notes that our Supreme Court has held that "to warrant the heavy consequence of waiver," the applicability of Civil Rule 227.1 "should be apparent upon its face or, failing that, in clear decisional law construing the Rule." *Newman Dev. Grp. of Pottstown, LLC v. Genuardi's Fam. Mkts., Inc.*, 52 A.3d 1233, 1247 (Pa. 2012). In addition, courts should also ask whether "practicing attorneys would reasonably expect a post-trial motion to be necessary" in the particular situation. *G&G Invs., LLC v. Phillips Simmons Real Est. Holdings, LLC*, 183 A.3d 472, 477 (Pa. Super. 2018). School District contends that none of these elements are present here. For further support, School District relies on two decisions from our Superior Court, *Palladino v. Dunn*, 521 A.2d 946 (Pa. Super. 1987), and *Lenhart v. Travelers Insurance Company*, 596 A.2d 162 (Pa. Super. 1991).

School District also contends that post-trial motions were not required because this case was an appeal from the final adjudication or determination of a local agency that is exempt under Civil Rule 227.1(g) ("A motion for post-trial relief may not be filed in an appeal from the final adjudication or determination of a local agency or a Commonwealth agency as to which jurisdiction is vested in the courts of common pleas."). School District notes that charter decisions are local agency adjudications and the CAB's exclusive jurisdiction does not extend to a decision to grant a charter renewal, thereby vesting jurisdiction in the common pleas court.

Further, School District points out that the CSL provides no mechanism for direct appeal of the grant of a charter on terms a charter school deems unsatisfactory and that it must seek relief from the common pleas court. Therefore, School District avers, the fact that Charter School's action was labeled a complaint seeking declaratory relief does not change the fact that it was dissatisfied with an agency decision and sought review from the common pleas court.

In its Reply, Charter School reiterates that *Pinkerton* is controlling and is clear decisional law requiring post-trial motions in declaratory judgment cases like the one here. Charter School indicates *Pinkerton* involved, as here, stipulations of fact, which the Supreme Court, citing the Explanatory Comment to Civil Rule 1038.1, Pa.R.Civ.P. 1038.1, described as being akin to a "nonjury trial with respect to the decision, post-trial practice and appeal." 830 A.2d at 964. Charter School notes that School District acknowledges the clear requirements of *Pinkerton* but proceeds to set forth policy factors which it believes supply reasons for a departure from these requirements. Charter School also argues *Palladino* and *Lenhart* are distinguishable and pre-date *Pinkerton* and that School District's reliance on Civil Rule 227.1(g) is misplaced given the parties' treatment of this case before common pleas as a complaint seeking declaratory relief.

*B. Discussion*

Civil Rule 227.1, and the *Comment* immediately following it, provide, in pertinent part, as follows:

(c) Post-trial motions **shall be filed within ten days after**

(1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or

8

(2) notice of nonsuit or **the filing of the decision in the case of a trial without jury**.

If a party has filed a timely post-trial motion, any other party may file a post-trial motion within ten days after the filing of the first post-trial motion.

*Comment:* **A motion for post-trial relief may be filed following** a trial by jury or **a trial by a judge without a jury pursuant to [Civil] Rule 1038[, Pa.R.Civ.P. 1038]**. A motion for post-trial relief may not be filed to orders disposing of preliminary objections, motions for judgment on the pleadings or for summary judgment, motions relating to discovery or other proceedings, which do not constitute a trial. *See U.S. Nat*[*'l*] *Bank in Johnstown v. Johnson*, 487 A.2d 809 (Pa. 1985).

A motion for post-trial relief may not be filed to matters governed exclusively by the rules of petition practice.

Pa.R.Civ.P. 227.1(c)(1)-(2); *Comment*, Subdivision (c) (emphasis added). Additionally, Civil Rule 1038.1 provides that "**[a] case may be submitted on stipulated facts** for decision by a judge without a jury. The practice and procedure as far as practicable shall be in accordance with the rules governing a trial without jury." Pa.R.Civ.P. 1038.1. If an issue has not been raised in a post-trial motion, it is waived for appeal purposes. Pa.R.Civ.P. 227.1(b)(2); *Chalkey v. Roush*, 805 A.2d 491, 497 (Pa. 2002); *Coal Tubin' PA, LLC v. Cambria Cnty. Transit Auth*., 162 A.3d 549, 554 (Pa. Cmwlth. 2017).

In *Pinkerton* and *Chalkey*, our Supreme Court explained that it specifically adopted Civil Rules 227.1 through 227.4 in 1984 in order to establish uniform procedures for post-trial relief in actions at law and equity. *See Pinkerton*, 830 A.2d at 963-64; *Chalkey*, 805 A.2d at 496 n.13. The Supreme Court, as well as this Court and the Superior Court, have required the filing of post-trial motions in cases

submitted to common pleas courts on stipulated facts, which, per Civil Rule 1038.1, are treated like non-jury trials. *See Pinkerton*, 830 A.2d at 963-64; *McCormick*, 561 A.2d at 329-30; *Goshen Valley III Condo. Ass'n v. Messick*, 299 A.3d 1064, 1068 (Pa. Cmwlth. 2023); *Treasure Lake Prop. Owners Ass'n v. Meyer*, 832 A.2d 477, 478-79 (Pa. Super. 2003).

Our Supreme Court has imposed the post-trial motion requirement of Civil Rule 227.1 to declaratory judgment actions that are not decided on pre-trial motions. *See Pinkerton*, 830 A.2d at 963-64; *Chalkey*, 805 A.2d at 496 n.13. As our Supreme Court explained in *Pinkerton*,

> [t]he venerable purpose of the post-trial motion procedure is to permit the trial court to correct its own errors before appellate review is commenced.[] Pa.R.Civ.P. 227.1 (Explanatory Comment -- 1995, I.b). Allowing parties to bypass such procedures in declaratory judgment actions would deprive the trial court of this critical gatekeeping function, while doing little to expedite appellate review. In addition, excepting declaratory judgment orders from the plain language of [Civil] Rule 227.1 would unnecessarily complicate application of that rule and result in further confusion among litigants and the lower courts. **Accordingly, we hold that post-trial declaratory judgment orders, just like other post-trial orders, are subject to the post-trial motion procedures in [Civil] Rule 227.1.**

830 A.2d at 964 (footnote omitted) (emphasis added). Thus, while the Supreme Court has held that declaratory judgment actions brought under the DJA resolved on pre-trial orders are immediately appealable, the Court rejected the same treatment for those DJA matters that are resolved following a jury or non-jury trial, including those resolved based on stipulated facts submitted by the parties. *Id.* at 963-64.

Here, the parties agreed to have the issue of when the renewed charter began resolved via a declaratory judgment action filed with common pleas. (Stipulation ¶ 9, R.R. at 28a (stipulating that they "reserved for decision through a declaratory

10

judgment proceeding the issue of the date of commencement of a new charter when the renewal process extends beyond the end date of the prior charter").) Charter School filed the complaint, and School District responded with an answer. **They filed the Stipulation**, setting forth the facts upon which common pleas could resolve the complaint. (R.R. at 27a-39a.) **Neither party filed pre-trial motions for judgment on the pleadings or summary judgment**. Rather, they submitted briefs and presented oral argument to common pleas, **after which common pleas issued its decision on the declaratory judgment action based on those arguments and the stipulated facts**. Pursuant to Civil Rule 1038.1 and precedent, including *Pinkerton*, this declaratory judgment matter was resolved via a non-jury trial, and Civil Rule 227.1 and precedent, including *Pinkerton*, *Chalkey*, and *McCormick*, require that post-trial motions be filed within 10 days of common pleas' decision to preserve any issues for appellate review. Our Supreme Court has explained that issue preservation "play[s] an important role in" "'the preservation of consistency and predictability in the operation of our appellate process,'" in which the Supreme Court "'has a strong interest.'" *Newman Dev. Grp.*, 52 A.3d at 1246 (quoting *Samuel-Bassett v. Kia Motors Am., Inc.*, 34 A.3d 1, 49 (Pa. 2011)).

School District's arguments as to why Civil Rule 227.1 should not apply here are not persuasive. First, while the Court acknowledges the potential harshness of the application of Civil Rule 227.1, *Pinkerton*, *Chalkey*, and *McCormick* represent clear decisional law that supports the application of that rule in situations where, as here, the parties present a court of common pleas a stipulation of facts upon which that court issues a decision resolving a declaratory judgment action on those facts and argument, rather than on pre-trial motions. Second, we agree with Charter School that *Palladino* and *Lenhart*, which involved declaratory judgment actions in

11

which the Superior Court did not quash the appeals due to the failure to file post-trial motions, do not require a different result.[3] Importantly, those **Superior Court** decisions **pre-date** the **Supreme Court's** decisions in *Pinkerton* and *Chalkey*, and their progeny, which reflect clear decisional law of the **mandatory** application of Civil Rule 227.1 under these circumstances. Additionally, in declining to quash in *Lenhart*, the Superior Court observed that "[t]he parties **did not submit** the action on **an agreed statement of facts** and then request the court to render judgment," and "[n]o evidence or findings of fact were introduced or presented [before the common pleas court,]" 596 A.2d at 164 (emphasis added), which is unlike here.

Third, School District's contentions that this matter was an appeal from a local agency adjudication or in the nature of motion for judgment on the pleadings, and, therefore, no post-trial motions were required, are not persuasive. It is undisputed that the parties agreed to resolve the disputed start date of the renewed charter via a declaratory judgment action filed with common pleas. The renewal of the charter, including the improvement plan, was the process of **negotiation** between School District and Charter School, as reflected in the March 9, 2022 resolution, which states "this Charter constitutes a legally binding agreement," (R.R. at 33a), not an agency adjudication under the Local Agency Law, 2 Pa.C.S. §§ 551-555. As for

---

[3] In *Palladino*, a declaratory judgment action involving an insurance coverage dispute, the Superior Court refused to quash an appeal for filing untimely post-trial motions, noting that the order from which the appeal was taken contained no findings of fact, conclusions of law, or any language to suggest that it was anything but a final order or required exceptions to preserve a right to appeal. 521 A.2d at 948. In *Lenhart*, a motor vehicle liability case involving the propriety of an arbitration award, the Superior Court refused to quash an appeal for failure to file post-trial motions, noting that the record clearly revealed that the proceedings were in the nature of cross-motions for summary judgment and involved a question of law that was determined solely on the record and briefs. 596 A.2d at 163-64.

School District's other contention, no pre-trial motions were filed that would implicate the exception set forth in the *Comment* to Rule 227.1.

Fourth, and finally, School District's policy arguments, which relate more to a charter school's ability (or not) to challenge or appeal conditions imposed upon a granted renewal, are not implicated in this matter. By the parties' agreement, the only issue before common pleas was the date upon which the renewed charter would begin and does not implicate the policy issues School District presents.

Ultimately, School District asserts that "to warrant the heavy consequence of waiver," the applicability of Civil Rule 227.1 "should be apparent upon its face or, failing that, in clear decisional law construing the Rule." *Newman Dev. Grp.*, 52 A.3d at 1247. As discussed above, however, the Supreme Court, as well as this Court and the Superior Court, have rendered "clear decisional law," *id.*, that requires the application of Civil Rule 227.1 under these circumstances. Under that precedent, we are constrained to dismiss School District's appeal because it did not file post-trial motions and, therefore, did not preserve any issues for appellate review. Pa.R.Civ.P. 227.1(b)(2); *Chalkey*, 805 A.2d at 497; *Coal Tubin' PA, LLC*, 162 A.3d at 554. Accordingly, we grant the Application.[4]

## III. CONCLUSION

For the foregoing reasons, we are constrained to grant Charter School's Application and dismiss School District's appeal pursuant to Civil Rule 227.1 and precedent requiring the filing of post-trial motions in declaratory judgment actions where the case is submitted on stipulations of fact. The exceptions to this mandatory

---

[4] While the order directing the Application to be listed with the merits before a panel described the issue as "novel," this does not, as School District appears to suggest in its reply brief, foreclose the Court from concluding upon further review and consideration that *Pinkerton* and the other cited precedent apply to this matter.

13

requirement, set forth in Civil Rule 227.1(g) and the *Comment* accompanying these rules, are not applicable here, where this was not an appeal from a local agency decision and the declaratory judgment complaint was not resolved on pre-trial motions.

_____
**RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Perseus House Charter School of
Excellence, Inc.

        v.

The School District of the City of
Erie,

              Appellant

:
:
:
:
:
:
:
:
:
:

No. 29 C.D. 2024

# **O R D E R**

**NOW**, November 7, 2024, Perseus House Charter School of Excellence, Inc.'s Application to Quash the School District of the City of Erie's (School District) Appeal is **GRANTED**. The appeal of the School District is hereby **DISMISSED**.

 

_____
**RENÉE COHN JUBELIRER,** President Judge